1122.   MURPHY *v.* GEORGIA RAILWAY & ELECTRIC CO.

Where the plaintiff proves his case as originally laid, but, in order to
avoid the effect of testimony introduced by the defendant in contradic-
tion of it, subsequently amends the petition, and thereby brings it into
variance with all the proof, the court may, at least as against excep-
tion by the plaintiff, end the trial, by an order of dismissal, in the
nature of a nonsuit.

Action for damages, from city court of Atlanta—Judge Reid.
March 10, 1908.

Argued June 11,—Decided July 25, 1908.

*James L. Key,* for plaintiff.

*Rosser & Brandon, W. T. Colquitt, B. J. Conyers,* contra.

POWELL, J.   The plaintiff sued the street-car company, alleg-
ing, that she was a passenger; that the car was stopped at her place
for getting off; that while she was on the step in the act of alight-
ing, the motorman, with a sudden jerk, started the car forward
and threw her to the ground, so that she was severely injured.
This case she supported by her testimony. The defendant proved
that before the car stopped, and while it was near the crossing
at which the plaintiff desired to get off, she stepped or jumped off,
and thus was injured. So strong was this proof on behalf of the
defendant that, while the argument of counsel was progressing,
the plaintiff amended her petition, by alleging, that the car had
not stopped when she attempted to alight, but that the conductor,
by calling the street and ringing the signal bell for the motorman
to stop the car, and by telling her, when she arose from her seat,

to go out the front of the car rather than the rear, and by assisting her in her progress to the front platform, led her to believe that the car was stopped; and that while she was thus on the platform the car was stopped; and in this amendment she alleged that it was negligence for the conductor to assist her to alight before the car was stopped, and for the motorman to jerk the car while she was in the position of alighting. The plaintiff returned to the stand, and, instead of supporting her amendment, reiterated her case as she had originally laid it. The judge granted an order in the nature of a nonsuit, dismissing the action, for the variance between the pleading and the proof. The plaintiff brings error.

The amendment related back to the beginning of the case. The plaintiff's testimony was wholly variant from the case as thus laid. The defendant's testimony certainly did not make out a case for the plaintiff, but showed clearly an injury brought about by her own fault. It was manifestly proper, therefore, that the court should give the case some such direction as would refuse the plaintiff a favorable judgment. Usually nonsuit is the proper termination of a trial when the plaintiff's recovery is precluded by a variance between the case as laid and the case as proved; and the direction of a verdict in favor of the defendant is the proper termination only when the plaintiff has at least prima facie proved his case as laid, and the subsequent evidence has irrefragably disproved it. Cf. *Proctor* v. *Blakely Oil Co.,* 128 *Ga.* 606 (57 S. E. 879). In the usual progress of a trial the time for the moving and for the granting of a nonsuit is when the plaintiff first rests his case; but when, as in the present instance, nonsuit has not been granted at that time, and the subsequent course of the trial retains or takes on such shape and condition that the evidence remains or becomes wholly and absolutely in conflict with the pleadings, the court may, without error, refuse the plaintiff the privilege of going to the jury, and may end the case by a judgment of dismissal, in the nature of a nonsuit. *Grand Rapids Co.* v. *Morel,* 110 *Ga.* 321 (35 S. E. 312); *Kelly* v. *Strouse,* 116 *Ga.* 894 (43 S. E. 280).                    *Judgment affirmed.*