*Boykin & Boykin, S. Holderness,* contra.

---

### 5812.   SHIPPEY BROTHERS & WHITE v. OWENS.

1. While the municipal court of Atlanta has jurisdiction of suits involving larger amounts than those formerly within the jurisdiction of the justice's courts, the procedure in the municipal court of Atlanta, so far as the necessity for pleadings is concerned, does not differ from that of the justice's courts. A plaintiff in that court may institute his action by causing the issuance of the summons prescribed by law, with a copy of the note, account, or cause of action sued on; and a mere misjoinder of causes of action is immaterial.

2. The municipal court of Atlanta is without express authority to award a nonsuit, and there is nothing in the act creating that court from which the grant of the power to award a nonsuit is necessarily to be implied.

3. Where a series of propositions are presented en bloc in a request to

charge the court is not required to give any part of the instructions so requested unless all are appropriate.

4. In a case in which the controlling issue was whether the defendants were themselves the vendors of certain property, or whether they were mere agents of the real vendor, whose identity they had disclosed, it was error to denominate the defendants in the charge to the jury as the sellers of the property in question. In the state of the record, the use of the term "seller," as a substitute for the word "defendants," was likely to impress the jury with the idea that the court was of the opinion that the defendants were dealing in their own behalf, and that the representations alleged to have been made were made with a conscious knowledge of their truth or falsity; and it was therefore extremely prejudicial to the contention of the defendants that they were mere brokers, and that any representations made by them were expressly stated to be a mere repetition of statements made by the real owner.

5. It being contended by the defendants that the sale was made by them as agents for a principal whose identity they had disclosed, and that any warranty upon their part would have been unreasonable, the question as to their agency was one for the jury, and any competent evidence tending to show agency was admissible. It was therefore error to exclude from the jury a check purporting to have been given to the real owner in payment for the cow sold for him on commission, and the account of sale accompanying the check, when both writings had apparently been executed and delivered at such time and under such circumstances as would have authorized the jury to find that they were free from suspicion of device or afterthought, and consequently a part of the res gestæ.

6. The rule that a plaintiff is entitled to recover if he proves his case as laid is subject always to the condition that the defendant has been allowed to present the facts which constitute his defense, and the jury has had the opportunity, under proper instructions, of fully deciding the truth of the case.

Decided September 22, 1915.

Complaint; from municipal court of Atlanta. April 29, 1914.

*T. B. Higdon,* for plaintiffs in error.

*Mayson & Johnson,* contra.

Russell, C. J. Owens brought suit in the municipal court of Atlanta against Shippey Brothers & White, alleged to be a partnership composed of J. K. Shippey and J. W. White. The plaintiff set forth his cause of action in a paragraphed petition, alleging that he purchased a milch cow from the defendants; that they represented the cow would give four gallons of milk a day, from which two pounds of butter could be obtained, and that she was "fresh in;" that he purchased the cow on account of said representations, and paid the sum of $65, in order to get a cow that would give that

much milk a day of the richness stated, and that was "fresh in;" that the representations made by the defendants were false, and that when petitioner ascertained that they were false he returned the cow and tendered her to the defendants and demanded the return of his money, but this offer was declined. The petition asked a judgment for the purchase-price of the cow and for $37.50 for her feed at the rate of 50 cents per day. The defendants filed an answer, denying that they had made the representations alleged by the petitioner, demanding strict proof of the allegation that the cow was not capable of giving four gallons of milk a day and of producing two pounds of butter, and denying any indebtedness to the plaintiff. For additional plea, the defendants set up that they were mere brokers, and not the owners of the cow, and that at the time of the sale they put the plaintiff on notice that he was purchasing a cow which was not the property of the defendants, but the property of one R. J. Booker; that this fact was expressly stated to the plaintiff at the time, and that the plaintiff was informed at the time of the sale that any representations as to the value and qualities of the cow were mere repetitions of the statement of the owner upon that subject.

On the trial the defendants made an oral motion to dismiss the action, on the ground that there was a misjoinder of "a cause of action in tort with a cause of action in contract." The court overruled the motion, holding that the tort was waived and that the suit was on the contract. At the conclusion of the plaintiff's evidence the defendants made a motion to nonsuit, which was overruled. Exception is taken to both of these rulings. The defendants sought to introduce in evidence a check for $61.30, dated November 13, 1913, payable to R. J. Booker, signed by Shippey Brothers & White, indorsed by Booker, and stamped, "Paid: Lowry National Bank, November 15, 1913," but the check was rejected by the court. The defendants tendered in evidence also a statement made out to R. J. Booker on November 13, 1913, showing that the defendants had sold for the account of R. J. Booker to J. S. Owens one milch cow for $65, and had deducted therefrom, for feed, yardage, and commissions, $3.70; and this statement was rejected, as the check had been, on the ground that it was in the nature of a self-serving declaration, and inter alios. The court further refused to admit the check and the statement of account

as evidence of the payment by the defendants to Booker of the money received for the sale of the cow. The jury found a verdict for the plaintiff for $65, the purchase-price of the cow, and for $27, for her feed. A motion for a new trial was overruled by the judge who had tried the case, and on appeal the judgment was affirmed by the appellate division of the municipal court, and the case came to this court upon exceptions to the refusal of a new trial.

1. It is insisted by the plaintiffs in error that the action sounds in tort, and that the petition sets forth an action of deceit; and it is argued that if the action were upon the warranty, there could be no rescission, for the contract had been executed. Counsel further insists that as to the latter portion of the petition, it is uncertain whether the plaintiff is attempting to set forth an action in assumpsit for money paid, or a quantum valebat. It is further insisted that the petition was subject to be dismissed on the ground of misjoinder, and that therefore the trial judge erred in not granting the motion to dismiss. The municipal court of Atlanta is a substitute for the justices' courts which previously existed in the territory within which the municipal court now has jurisdiction. It is true that the municipal court of Atlanta has jurisdiction in cases involving larger amounts than might have been tried in the justices' courts; but the procedure in that court, so far as the necessity for pleadings on the part of the plaintiff is concerned, does not differ from that of a justice's court. The rule that "nicety of pleading is not required in justices' courts" is applicable in the municipal court of Atlanta, and on the part of a plaintiff no pleadings are essential except a summons and copy of the account, note, or cause of action sued on (Acts 1913, p. 145). For this reason it was immaterial in this case whether there was a misjoinder of causes of action in the petition. The plaintiff could have attached to his summons a mere statement of account, setting forth an indebtedness to him by the defendants of $65, for the value of a cow, and $37.50 for her feed, and, if the items were not barred by the statute of limitations, he could have proved and recovered whatever damages he may have sustained in consequence of the breach of the defendants' contract of warranty. *Perdue* v. *Harwell,* 80 *Ga.* 150 (4 S. E. 877). The representations, if false and if made with intention to deceive, might be the foundation of a tort, if injury or loss resulted to the plaintiff thereby. But the action as

brought may be construed as one in which the tort was waived and an election to proceed ex contractu may be implied.

2. Under section 38 of the act creating the municipal court of Atlanta (Acts 1913, p. 165), "the mode of conducting the trial, the rules of evidence, and the examination and swearing of the jury" in the trial of a civil case by a jury "shall be the same as now prevails in the superior courts." This does not expressly confer the power to "chop off" the suit mechanically by nonsuit; and since one of the main purposes of the statute was to provide a substitute for the justice's court, authority to award a nonsuit can not be held to be necessarily included by implication. It is well settled that a justice of the peace can not award a nonsuit on a trial before a jury in his court. *Favors* v. *Johnson,* 79 *Ga.* 554 (4 S. E. 925); *Gunn* v. *Wood,* 99 *Ga.* 70 (24 S. E. 107). It is clear to us that the rule as to nonsuits in the municipal court of Atlanta should be the same as in justices' courts.

3. The assignment of error based upon the court's refusal to give a series of instructions which were requested can not be considered, because they were presented en bloc in a single request. One of them was nothing more than a reference to an authority, and several of them consisted of mere suggestions entirely too incomplete to be considered as appropriate requests for instructions. The first instruction requested was a pertinent and correct statement of the law applicable to the defense interposed by the defendants, but the court is not required to separate the wheat from the chaff; and the omission to give that portion of the requested instructions which was appropriate affords no ground for reversal. *Thompson* v. *O'Connor,* 115 *Ga.* 120 (5), 123 (41 S. E. 242).

4. We think, however, that the court erred in the charge to which exception is taken, and that this error, as well as the error in excluding certain testimony to which reference will be made later, requires the grant of a new trial. The court charged the jury that if the "*seller*" expressly warranted the cow in question to be "fresh in," etc., and if the jury found that the cow was not fresh with calf, or that she did not give four gallons of milk a day, "they would be liable for such warranty," whether the "*seller*" knew of her inability to live up to the warranty or not; and further charged the jury that the plaintiff would be entitled to recover the amounts shown by the evidence to have been expended in keeping

the cow after the "seller" was given an opportunity of deciding whether he would take the cow back. It is very plain that the court used the word "seller" as a substitute for the word "defendants," and it was doubtless an inadvertence. The jury, however, could not have failed to be impressed with the idea that the court was of the opinion that the defendants were the "sellers" of the cow as her owner, whereas the defendants were insisting that they were mere brokers and never had owned the cow. In other words, the use, consciously or unconsciously, of the word "seller" instead of the word "defendants," in our opinion, amounted in its practical effect to an intimation of opinion on the part of the judge that the defendants were liable, since the plaintiff's case depended wholly on the falsity of the representations made by the defendants, and the defendants insisted that they were not liable for the falsity of the representations, because they were only brokers and they had informed the purchaser that they were the representatives of Booker and that they were merely repeating the statements of Booker, the owner of the cow, as to her qualities, and not pretending to speak from their own knowledge. The defendants did not deny making the representations. Their defense was not necessarily confined to such denial, for they would not have been liable to the plaintiff, even if the representations were not verified by results, if the statements were not made as representations of fact, but as a repetition of statements made by the true owner of the cow, whose identity they disclosed to the purchaser at the time. If the defense presented by the defendants represents the truth of the case, the buyer relied upon his own judgment in making the purchase.

5. In view of the defense interposed by the defendants, we think the court erred in excluding from the jury the check and the statement of sale to which reference had been made. In defense of the action, Shippey Brothers & White insisted that the sale of the cow was made by them not as owners, but as brokers; that the information they imparted to Owens as to the value and qualities of the cow was given to them by the owner and was repeated by them to Owens as coming from Booker, the owner; that they put Owens on notice that he was purchasing a cow belonging to R. J. Booker, and that they were making the sale for Booker. It was therefore essential to their defense to clearly establish the agency which they asserted existed between Booker and themselves.

They were entitled to prove the agency by all legal means available. "Any evidence which is otherwise competent that has a tendency to prove agency is admissible, even though it be not full and satisfactory, as it is in the province of the jury to pass upon it." 31 Cyc. 1650. The statement and the check, though communications inter alios, were not inadmissible for that reason in the present case. If it appeared from these papers that the relation of principal and agent, which was the very gist of the defense, in fact existed, they were admissible. "Communications between principal and agent in which the authority of the latter is expressly or impliedly admitted are admissible in evidence." 31 Cyc. 1656. The evidence offered was a communication from the defendants to Booker, and the indorsement of Booker on the check, which was sent with the statement as to the sale of his property, was an admission on his part of the authority of the agents to make the sale. "In determining the scope of the agent's authority, contracts executed and documents used by the agent within his real or ostensible authority may be introduced to establish its limits." 31 Cyc. 1658. In *Columbus Show Case Co.* v. *Brinson,* 128 Ga. 487 (57 S. E. 871), in which letters from the defendant to an agent were objected to by the defendant as hearsay, as well as declarations self-serving in their nature, the Supreme Court said: "The letters were certainly admissible to be considered by the jury in determining the issue of agency or no agency." In the present case, if the statement of account be treated merely as an admission on the part of Shippey Brothers & White, it would be inadmissible, but the issuance of the check and the sending of the statement were acts which, as appears from the date of the two papers, were so closely connected with the sale as to be considered as a part of the res gestæ, and were admissible to corroborate the statements of the defendants that they were in fact the agents of Booker. The sale of the cow was on the 12th, and the check in payment and the statement were sent to Booker the next day. It was at least for the jury to say whether the statement and the check were forwarded as a mere device, or whether the issuing of the check and the sending of the statement were so connected with the sale as to be free from suspicion of device or afterthought, and therefore proper corroborative evidence of the testimony of the defendants that they were merely agents for Booker in the sale. One controll-

ing question in the case was whether at the time of the sale the defendants informed the plaintiff that the cow was not their property, and whether, in representing her qualities, they informed him that their knowledge extended no further than the information conveyed to them by the true owner. The fact that the defendants immediately remitted the proceeds from the sale of the cow to Booker, with a statement of the disposition of the funds, would be a circumstance indicating more or less strongly that the defendants were in fact the agents of Booker, and thus increase the probability that they did disclose to Owens their agency. In cases of acute conflict the scales are frequently turned in behalf of one party rather than the other by the fact that extrinsic circumstances tend to show the testimony of one witness to be more probable or reasonable than that of another. It was important to the defendants that they show that of the purchase-price of the cow they received only a commission in the transaction, and that after the sale they remitted promptly to Booker, their principal, the amount to which he was entitled. The only legal proof that the payment was made by them to Booker was by the check, and was thus contained in the proffered evidence. The statement was evidence of the amount and the date of the payment, and identified the check as the check paid for this particular purpose.

The objection to the testimony on the ground that it was the declaration of an agent was based on section 3606 of the Civil Code, which is as follows: "The agent is a competent witness either for or against his principal. His interest goes to his credit. The declarations of the agent as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead." We see nothing in the evidence rejected to make it objectionable under this section of the code. The evidence was not in the nature of a declaration of an agent "against his principal." The agent was the party to the suit, and not the principal. Agency is a fact, the burden of proving which rests upon the party affirming its existence. The persons alleging agency in this case were the defendants, and proof of the fact of agency was absolutely necessary to their defense. "The rule that agency can not be proved by the acts or declarations of the agent does not apply to an action by the principal against the agent, but applies only where

it is sought to hold the principal for the acts of an alleged agent."
31 Cyc. 1656.   The receipt of and indorsement of the check by the
alleged principal, Booker, in payment for the cow, as set out in the
statement sent to him with the check, was an admission on his
part that the agents had the authority to make the sale, and the
check and the statement were for this reason admissible.

6.   It is true, as was argued by counsel for the defendant in
error, that the facts shown by the check and the statement were
shown by parol evidence in the course of the trial, but we think,
nevertheless, that the plaintiffs in error were entitled to establish
their defense by the highest evidence within their control.   And
even if we might not, upon this ground alone, reverse the judgment,
it is clear to us that a new trial should be granted upon the error
in the charge to which we have referred; and it happens that both
errors go to the same crucial point in the case.   It is also true, as
was argued, that there was sufficient evidence to sustain the verdict
rendered, and a verdict supported by evidence will not be set aside
unless the finding was induced by some error in the trial, but for
which the result might have been different.   The rule that the
plaintiff is entitled to recover if he proves his case as laid is sub-
ject always to the condition that the defendant must be allowed to
present, according to law, the facts which constitute his defense, and
that the jury, under proper instructions, shall have the opportunity
of fairly deciding for themselves what is the truth of the case.

In the present case, with the license allowable in a justice's court,
we may say that Owens sued Shippey Brothers & White to recover
damages which he contended were the result of the breach of a
warranty made to induce him to purchase and pay $65 for a cow.
This purchase-price, and the expense of keeping her incurred after
the defendants' refusal to retake the cow, are laid as the measure
of damages.   The defendants in effect say that Owens bought the
cow from one Booker, and that the defendants themselves made no
warranty.   On the trial of this issue each party is entitled to sub-
mit every pertinent circumstance which will illustrate the truth
of his contentions, and is guaranteed the right to have each issue
of fact determined without even the probability of the jury's find-
ing being influenced by such expressions on the part of the court as
might readily and not unreasonably be construed by them as an
intimation of the judge's opinion as to the facts or the merits of
the case.                                    *Judgment reversed.*

BROYLES, J., dissenting. The evidence in this case amply authorized the verdict returned; and as, in my opinion, no material error of law was committed, I think the judgment refusing a new trial should be affirmed.