6811. MASSOUD *v.* LAMAR, TAYLOR & RILEY DRUG CO.

1. As to amendments adding new and distinct parties, no exception to the rule which prohibits such amendments unless expressly provided for by law (Civil Code, § 5683) has been created by the provisions of law relating to amendments in suits in the municipal court of Atlanta (Acts 1913, § 37 (c) ); and an amendment by which it was sought to convert a suit in that court into a suit against a partnership and the individuals composing the firm, trading as "The City Drug Store," was not allowable where the suit was originally against one of these persons individually, though based on an account against "The City Drug Store" and on notes signed "The City Drug Store by" that person.

2. It is not proper to award a nonsuit after both the plaintiff and the defendant have introduced evidence.

DECIDED JULY 11, 1916.

Complaint; from municipal court of Atlanta. July 13, 1915.

*Moore & Pomeroy,* for plaintiff. *Neufville & Neufville, Hardeman, Jones, Park & Johnston,* for defendant.

WADE, C. J. 1. Suit was brought in the municipal court of Atlanta against M. A. Massoud individually, process being prayed for against him only. The suit was for $212.40, and was based upon an account against "The City Drug Store" for $88.66, and upon two notes for the sums of $85 and $73.83 respectively, besides interest, with a credit of $50 cash on the $85 note—both notes signed, "The City Drug Store, by M. A. Massoud, L. S." The plaintiff offered an amendment setting up "that M. A. Massoud and G. W. Davis, partners trading as The City Drug Store, are indebted to the plaintiff in the sum of $212.40, besides interest since December 28, 1914," upon the account and notes described in the petition; and praying that G. W. Davis be made a party defendant to the suit, that the plaintiff have judgment against The City Drug Store, a partnership, and against M. A. Massoud and G. W. Davis individually, and that process issue against The City Drug Store, a partnership composed of M. A. Massoud and G. W. Davis, and against G. W. Davis individually, requiring them to be and appear at the next term of the court to answer the plaintiff's complaint. The trial judge did not err in refusing to allow this amendment, since it not only sought to change the cause of action, which is permissible under the provisions of the act establishing said municipal court (Acts of 1913, p. 164, § 37 (c) ), but sought to add new and distinct parties and to obtain judgment against a partnership and an alleged partner,

as well as against the person originally sued. The rule prohibiting the addition, by amendment, of new and distinct parties, unless expressly provided for by law (Civil Code, § 5683), applies as well to justice's courts (in lieu of which the municipal court of Atlanta was established) as to other courts, and the exception provided for in the Civil Code, § 5687, that in suits by or against partners the name of any person who ought to be joined in such action as plaintiff or defendant may be added instanter, does not apply where the suit wás not instituted against a partnership, though an admitted partner's name may be added to a suit brought against such partnership. *Blackwell* v. *Pennington, 66 Ga.* 240.

2. Assuming (which is by no means clear from the record) that the trial was before a jury in the municipal court, and waiving the question (see *Shippey* v. *Owens,* 17 *Ga. App.* 127, 86 S. E. 407, now before the Supreme Court for determination upon questions certified by this court) whether, in the absence of an express grant of authority in the act, a judge of the municipal court of Atlanta may award a nonsuit in the trial of a civil case by a jury, it appears from the record that evidence was introduced in behalf of both the plaintiff and the defendant, and the award of a nonsuit was therefore at least technically erroneous.

3. The appellate division of the municipal court of Atlanta therefore did not err in granting a new trial.

*Judgment affirmed.*