20280.  THORNTON *v.* REEVE.

DECIDED MAY 14, 1930.

*Dillon, Calhoun & Dillon, Y. A. Henderson,* for plaintiff.
*J. H. Paschall,* for defendant.

BLOODWORTH, J.  D. W. Thornton, by his petition against J. H. Reeve, alleges that he is transferee of Mineral Tone Incorporated; that the defendant purchased from Mineral Tone Incorporated certain "units of its capital stock at the price of $50.00 per unit, . . and at the time of purchase of same paid the sum of $50, but has

failed and refused to pay any of the installments as they matured, and that all of the remaining amount due on said purchase contract are now due and collectible, and defendant fails and refuses to pay the same." He further alleges that "there remains due and unpaid the sum of $200 on said purchase contract, for which he sues, together with interest thereon at the rate of seven per cent. per annum." By an amendment the plaintiff alleges that he "is owner of said stock subscription declared on in his original petition, having purchased the same at a receiver's sale by Clarence Wayne, receiver of Mineral Tone Incorporated, the same being a sale under authority of Fulton superior court." The defendant demurred to the petition, in part as follows: "1. Said petition sets forth no cause of action against this defendant. 2. Said petition fails to show any right of action against this defendant in plaintiff in said case. 3. Because the instrument sued upon in said case shows that plaintiff herein has no interest therein. 4. Because the alleged contract sued upon shows upon its face that it has not been transferred to plaintiff in this case, and that plaintiff herein is not the proper party plaintiff." The demurrer was sustained, and the plaintiff excepted.

The petition shows that the defendant never became a stockholder in Mineral Tone Incorporated, but merely agreed to purchase certain shares of stock in the corporation. It was on this agreement that this action was based. By the amendment to his petition above referred to, plaintiff alleged that he purchased the stock subscription sued on from Clarence Wayne, receiver of Mineral Tone Incorporated, and that "said stock subscription was duly transferred to him by the said Clarence Wayne, receiver." Under the allegations of the petition the plaintiff had no right to sue the defendant. The legal title to the subject-matter of the suit was not in the plaintiff when he brought this action. Moreover, the petition fails to show that the alleged assignment is in writing, and this is necessary before an assignee can recover. See *Allen* v. *Commercial Credit Co.,* 155 *Ga.* 545 (117 S. E. 650), s. c. 30 *Ga. App.* 377 (118 S. E. 499). See also *Fosler* v. *Sutlive,* 110 *Ga.* 297 (34 S. E. 1037).

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*