28672. FENNER & BEANE *v.* NELSON.

DECIDED FEBRUARY 24, 1941. REHEARING DENIED MARCH 26, 1941.

*Powell, Goldstein, Frazer & Murphy,* for plaintiff.

*James A. Branch, Thomas B. Branch Jr..* for defendant.

SUTTON, J.   Fenner & Beane, a partnership composed of twenty-nine named members, filed suit against H. B. Nelson, alleging that the partnership was a continuation of and successor to the partnership of Fenner, Beane & Ungerleider, which was engaged in the stock-brokerage business during the year 1933; that during the month of March, 1933, the defendant opened a brokerage account with Fenner, Beane & Ungerleider, which was accepted by it, a copy of the contract being attached to the petition as "Exhibit A" and made a part thereof; that the defendant gave orders for the purchase and sale of various stocks, an itemized confirmation of all of which being furnished to him in every instance by the partnership; that on July 20, 1933, the defendant was indebted to the plaintiff's predecessor in the sum of $99,525.16 on account of moneys advanced by Fenner, Beane & Ungerleider in the purchase of various stocks for his account; that on July 21, 1933, Fenner, Beane & Ungerleider, at the request of the defendant, sold all stocks which were being carried for him, and received as the proceeds thereof the sum of $80,739, leaving a deficit of $18,787.16 due by the defendant, as shown by an itemized statement from Fenner, Beane & Ungerleider, attached to the petition; that there was due to the defendant $30 as a dividend on 300 shares of General Electric stock, which accrued June 30, 1933, leaving the net amount due Fenner, Beane & Ungerleider $18,757.16; that the defendant was due to the partnership on July 24, 1933, the sum of $115.23 as interest, and will continue to be indebted to the plaintiff for interest at seven per cent. per annum from that date until the date of judgment on the principal amount due; that the defendant, on July 26, 1933, admitted in writing the correctness of the account, with the exception of the amount of $30 credited as dividend, a copy of said writing being attached to the petition; that demand has been made upon the defendant for payment of said account, but he has refused to pay the same; that the plaintiff, the partnership of Fenner & Beane, composed of the named members, is the successor in title to all the rights, title, and interest of the partnership of Fenner, Beane & Ungerleider, the said partnership continuing as it existed

in 1933, with the exception of Mr. Ungerleider, who retired, and the addition of other members, and that the said partnerships each registered their respective partnership trade-names as required by law. Judgment was prayed for the principal amount of the account, interest, and costs.

The defendant filed an answer denying the substantial allegations of the petition, and by amendment set up that the plaintiff partnership was not entitled to recover on the alleged cause of action, in that the account sued on was an illegal and gambling transaction, and that Fenner, Beane & Ungerleider was estopped and not entitled to recover against him because, while acting in a confidential and fiduciary capacity as brokers, that partnership gave him incorrect and inaccurate information as to the status of his account, on which he relied and acted to his injury and damage.

The evidence adduced on the trial was substantially as follows: During the year 1933 Nelson traded with a stock-brokerage firm, Fenner, Beane & Ungerleider, which, on account of subsequent operations in the same name, after changes in personnel, will be referred to hereinafter as Fenner, Beane & Ungerleider (1). This partnership was composed of more than twenty members. On September 14, 1933, there was a purported or intended admission of a new member, Hoyle Jones, into the partnership. Business continued in the same name, which entity will hereinafter be referred to as Fenner, Beane & Ungerleider (2). On October 21, 1933, under the terms of a written agreement between the members composing the partnership of Fenner, Beane & Ungerleider (2), including Hoyle Jones, two of the partners, Samuel Ungerleider and Abe Ungerleider, retired as members, effective as of October 31, 1933. The surviving partners continued to do a stock-brokerage business under the former name, hereinafter referred to as Fenner, Beane & Ungerleider (3). Subsequently there were admissions and withdrawals as to personnel until the business became conducted as Fenner & Beane, and it was the latter-named entity which, on April 21, 1937, filed the present suit against H. B. Nelson. There was evidence as to various transactions between Nelson and Fenner, Beane & Ungerleider (1) in 1933, resulting in a balance of $18,-787.16 against him, as shown by the itemized statement introduced in evidence, this account developing under his customer's contract as entered into on March 16, 1933, with the original partnership,

a copy of which was introduced in evidence. Nelson gave certain testimony, the purport of which was to show that because of certain conduct on the part of Fenner, Beane & Ungerleider (1) he was injured and damaged by that partnership in its improper handling or failing to properly handle his account on a declining market, in consequence of which he contended, in effect, that he was not liable for the full amount claimed by Fenner, Beane & Ungerleider (1). He also asserted (about which the evidence was in conflict) that the transactions were of an illegal and gambling nature, in that no actual delivery of stocks was ever intended between the parties. Other evidence, not deemed necessary to be set out for a decision of the case, was introduced.

After the conclusion of the introduction of evidence by both sides, counsel for the defendant moved for a directed verdict, on the ground, among others, that the plaintiff did not show any right to recover, inasmuch as the transactions were had with the old partnership of Fenner, Beane & Ungerleider (1), as constituted on July 20, 1933, which had been dissolved, and that there was no evidence that the assets of that partnership or its right of action against Nelson had ever passed to Fenner & Beane. Thereupon the plaintiff offered an amendment naming the surviving partners of Fenner, Beane & Ungerleider (1) as plaintiffs, suing for the use of Fenner & Beane, which the court disallowed. Counsel for the plaintiff stated to the court that the judgment should be in the nature of a nonsuit if the court was disposed to direct a verdict; but, upon a renewed motion of counsel for the defendant, the court ruled that the plaintiff was not entitled to recover, and directed a verdict for the defendant. The plaintiff filed exceptions pendente lite to the judgment disallowing the proffered amendment, and to the court's refusal to enter a judgment of nonsuit, and to the direction of the verdict for the defendant. The plaintiff moved for a new trial on the general grounds, and by amendment added several special grounds hereinafter dealt with. The court overruled the motion, and the plaintiff excepted, assigning error on that ruling, and assigning error also on the rulings excepted to pendente lite.

In this court the plaintiff filed an amendment to its bill of exceptions by making more specific reference to an amendment which the court disallowed, and which is referred to in the fore-

going statement. While an exact copy of the amendment is not attached to the bill of exceptions or set out verbatim therein, what purports to be the substance of the amendment is stated in the amendment, and is sufficient to enable this court to ascertain the question of law which is raised by the exceptions pendente lite to the disallowance of the amendment in the trial court, the substance of the amendment being set out in the exceptions pendente lite, and on which exceptions pendente lite error is assigned in the bill of exceptions. The amendment to the bill of exceptions in the respect named is accordingly allowed. See *Walker* v. *Equitable Mortgage Co.*, 114 *Ga.* 862 (7) (40 S. E. 1010); *Thomas* v. *Siesel*, 2 *Ga. App.* 663 (2) (58 S. E. 1131).

■ Special grounds 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the motion for new trial may properly be considered in connection with the general grounds. They complain, in brief, that the direction of the verdict was error, for the reasons (1) that the issues should have been submitted to a jury; (2) that the evidence authorized a finding in some amount for the plaintiff; (3) that the court erred in ruling that the plaintiff did not have title to the cause of action; (4) that the judge erred in ruling that a change in the personnel worked a dissolution of the partnership of Fenner, Beane & Ungerleider (1), and that no right was shown in Fenner & Beane to the cause of action sued on, whereas the evidence showed a continuing partnership with the right of Fenner & Beane to bring the suit; (5) that the evidence sustained all of the allegations of the petition, and even the defendant's testimony raised only a question as to what amount should be awarded by a jury to the plaintiff; (6) that the evidence established that the plaintiff partnership was a continuing partnership and successor to the rights of Fenner, Beane & Ungerleider as that partnership existed on July 20, 1933; (7) that as all evidence relating to changes in the partnership appeared exclusively from the plaintiff's evidence, and if it supported the ruling that Fenner & Beane did not have title to the chose in action, the account against H. B. Nelson, a nonsuit or dismissal, and not the direction of a verdict, should have been entered; (8, 9) (substantially the equivalent of portions of the aforementioned grounds). Counsel for the plaintiff contend in their brief, that, no denial of partnership having been made by the defendant, no proof of the partnership was necessary; that the defendant's general denial

did not raise an issue of partnership; that the changes in the membership of a New York limited partnership as was here involved does not dissolve the partnership under the New York law; that while the original articles of partnership of Fenner, Beane & Ungerleider (1) were not in evidence, the written agreement of October 21, 1933, introduced in evidence, between the members of the partnership of Fenner, Beane & Ungerleider (2), whereby Samuel Ungerleider and Abe Ungerleider retired therefrom, showed inferentially that the partnership was a continuing one whereby, under the law of New York, admissions or withdrawals of members did not work a dissolution, that the same entity continued in the name of Fenner & Beane, and that named partnership succeeded to or owned all the assets of the original Fenner, Beane & Ungerleider partnership, and that such partnership was fully authorized to maintain the present suit without showing a written transfer of the right to the chose in action; that this court could determine that the State of New York had adopted the uniform limited-partnership act, under section 20 of which a change in a partnership without an intention to dissolve it does not result in a dissolution; that where the plaintiff failed to prove a right to maintain the action, a nonsuit, and not the direction of a verdict, was the proper and required procedure; and that the alleged illegality of the contract between Fenner, Beane & Ungerleider (1) and Nelson, the defendant, can not support the direction of the verdict.

All of the foregoing contentions may be disposed of in the following general discussion. The law of New York not having been pleaded and proved, it must be taken, under repeated decisions of the Supreme Court and this court, that the common law prevails in that State with respect to the question whether the admission or withdrawal of a member works a dissolution of a partnership. It is also well settled that the courts of this State will determine for themselves what is the common law on any issue. A partnership is a distinct legal entity. *Drucker* v. *Wellhouse,* 82 *Ga.* 129 (8 S. E. 40) ; *Floyd* v. *Boyd,* 16 *Ga. App.* 43 (2) (84 S. E. 494). The Code of 1863, § 1896, incorporated in part the common law on the question of dissolution of a partnership. It provides: "Every partnership is dissolved at any time by the mutual consent of the parties, by the death, insanity, or conviction for felony of one of the parties, by the marriage of a feme sole partner, by the

extinction of the business for which it was formed, or by such misconduct of either partner as will justify a court of equity to decree a dissolution." With the exception of the words "by the marriage of a feme sole partner," the same language appears in the Code of 1933, § 75-107. But the Code does not state all the means known to the common law as to the dissolution of a partnership; and every change in the personnel, such as the withdrawal of a member or the admission of a new member works a dissolution of the partnership. *Richards* v. *Butler*, 65 *Ga.* 593, 598 (2); *Harwell* v. *Cowan*, 175 *Ga.* 33 (165 S. E. 19). If the remaining members continue the business it is a new entity, but "title to personal property shall vest in the surviving partners, who have the right to dispose thereof for paying the debts and making distribution." Code, § 75-209. *Roberts* v. *First National Bank*, 61 *Ga. App.* 284, 286 (6 S. E. 2d, 88); 47 C. J. 1026, § 582. "A dissolution shall put an end to all the powers and rights resulting from the partnership to the partners, except for the purpose of a general accounting and winding up of the business. As to third persons, it shall absolve the partners from all liability for future contracts and transactions, but not for the transactions that are past." Code, § 75-109, and many decisions of this court to the same effect. An assignment or transfer to another of an account or chose in action belonging to a partnership must be in writing. *Turk* v. *Cook*, 63 *Ga.* 681; *Allen* v. *Commercial Credit Co.*, 155 *Ga.* 545, 546 (117 S. E. 650); *May* v. *McCarty*, 11 *Ga. App.* 454 (75 S. E. 672); *Thornton* v. *Reeve*, 41 *Ga. App.* 446 (153 S. E. 436).

Applying these principles of law to the facts of the present case, the following rulings are required: The partnership of Fenner, Beane & Ungerleider (1) was dissolved by the admission of Hoyle Jones as a member thereof on September 14, 1933. The articles of agreement between the members of the partnership of Fenner, Beane & Ungerleider (2), containing also the signature of Hoyle Jones, under date of October 21, 1933, show that Abe Ungerleider and Samuel Ungerleider retired. Accordingly that partnership was dissolved, and Fenner, Beane & Ungerleider (3) constituted a new entity. It is argued that the agreement shows inferentially that the partnership of Fenner, Beane & Ungerleider was to be continued and that Fenner, Beane & Ungerleider (3) was the same entity and owned the assets formerly belonging to Fenner, Beane

& Ungerleider (2). However, even if Fenner, Beane & Ungerleider (3) had obtained any written assignment of the assets of Fenner, Beane & Ungerleider (2), the record does not show that the members of the partnership of Fenner, Beane and Ungerleider (1) ever executed any written transfer of assets to any subsequent partnership. Furthermore, the partnership of Fenner, Beane & Ungerleider (3) was dissolved by admitted changes in its personnel before the partnership of Fenner & Beane came into existence; and even if Fenner, Beane & Ungerleider (3) had acquired any transfer in writing of the chose in action sued on, no written assignment or transfer is shown to have been made to Fenner & Beane. Manifestly the partnership of Fenner & Beane, the plaintiff, did not show any right to the chose in action, the account between Fenner, Beane & Ungerleider (1) and H. B. Nelson, the defendant. It could not hope to recover under the pleading and the evidence, and the judge did not commit harmful error in directing the verdict for the defendant. While ordinarily the proper procedure would be to direct a nonsuit where the plaintiff fails to make out a prima facie case under the allegations of a petition, which if proved and not overcome by other evidence introduced by the plaintiff or the defendant would entitle the plaintiff to a verdict, still it has been held by the Supreme Court of this State that where the plaintiff's right turns exclusively upon a question of law, and it is impossible to render a verdict in the plaintiff's favor which could be upheld, the direction of a verdict in favor of the defendant, after his introduction of evidence, even if the direction of a verdict be considered irregular, is harmless and it would be idle to require a new trial. *Laing* v. *Americus,* 86 *Ga.* 756, 759 (13 S. E. 107).

In *Thornton* v. *Reeve,* supra, where suit was brought on a chose in action, but the plaintiff, as assignee, did not allege that the assignment was in writing, the court held that a general demurrer was properly sustained. If in the present case the defendant had filed a general demurrer to the petition, which did not allege a written assignment of the chose in action, obviously the court would have been obliged to sustain the demurrer. Clearly then the plaintiff is not harmed by the direction of the verdict. See Hidalgo *v.* McCauley, 50 Ariz. 178 (70 Pac. 2d, 443). The case sub judice presented only a question of law, viz., whether the plaintiff, in the absence of a written assignment of the chose in action, could prevail in the

asserted cause of action. This question of law is concluded against the plaintiff by what is said hereinbefore. It is not even claimed that the plaintiff had such a written assignment. It is contended only that it is a successor in title to the assets of Fenner, Beane & Ungerleider (1) as a continuing partnership, changes in the membership of which, it is asserted, do not under the New York law dissolve the partnership. For reasons given above, this contention can not be upheld. With respect to the contention of the plaintiff, that, as the defendant's general denial did not raise an issue of no partnership, no proof of the partnership of Fenner & Beane was necessary, it must be said that the answer of the defendant did not seek to deny, and it is not contended, that Fenner & Beane, the plaintiff, was not a partnership. The defense is predicated on the proposition that, though a partnership, the plaintiff did not show that it had a written assignment or transfer of the chose in action from Fenner, Beane & Ungerleider (1), which, it is properly contended by the defendant, was a separate and distinct entity from the plaintiff, and was dissolved before the partnership of Fenner & Beane came into existence. In view of the basis on which we have held that the direction of the verdict in favor of the defendant was not reversible error, it is unnecessary to decide whether or not the evidence showed that the transactions with Nelson were of a gambling and illegal nature.

■ Ground 6-a of the motion for new trial complains of the refusal of the court to admit certain testimony as to no written agreement having been entered into as to an interest in the assets of Fenner, Beane & Ungerleider (1) at the time Hoyle Jones entered the partnership on September 14, 1933. Such testimony would not, under the rulings hereinbefore made, have shown any fact affecting the right of the plaintiff to recover, inasmuch as it held no written transfer or assignment of the assets of any of the preceding partnerships, and no harm is made to appear.

■ Ground 10 complains that the court erred in admitting certain testimony over objection of the plaintiff. It appears that the court admitted such testimony conditionally, subject to later objection of the plaintiff. The objection was not renewed, and under numerous rulings of the Supreme Court and this court the plaintiff can not now be heard to complain.

■ The court did not err in rejecting the proffered amendment

under which the plaintiff sought to sue in the name of the surviving partners of Fenner, Beane & Ungerleider (1) for the use of Fenner & Beane. "Since such an amendment is allowable for the designated purpose 'of enforcing the rights of such plaintiff,' some showing should be made to the court that some right of the original plaintiff is connected with the cause of action he desires to assert in the name of the nominal party to be substituted; but this right need not be so perfect as to be capable of direct enforcement, either in law or in equity." *Atlantic Coast Line Railroad Co.* v. *Hart Lumber Co., 2 Ga. App.* 88, 89 (58 S. E. 316). See also *Hall* v. *Harris, 6 Ga. App.* 822 (3) (65 S. E. 1086) ; *Jones* v. *Reed, 58 Ga. App.* 72, 74 (197 S. E. 665). No right whatever being shown in Fenner & Beane as to the chose in action sued on, an action in the name of another for its use could not be maintained, and the trial court properly disallowed the amendment.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

STEPHENS, P. J. I concur in the conclusion that it appears from all the evidence that the plaintiff is not entitled to recover, and that there appears no error in the direction of the verdict for the defendant. In reply to the suggestion that a nonsuit would lie only at the completion of the plaintiff's evidence, and therefore would not lie after the defendant had introduced evidence and the case had been closed, there appears no authority to the effect that a nonsuit may be granted only at the end of the introduction of the plaintiff's evidence, but in decisions of the Supreme Court it seems to be recognized that a nonsuit may be granted upon the introduction of all testimony in the case, both by the plaintiff and by the defendant, if it appears from all the testimony that the plaintiff has not proved his case as laid. See *Battle* v. *Royster Guano Co., 155 Ga.* 322 (118 S. E. 343) ; *Murphy* v. *Ga. Ry. & El. Co., 4 Ga. App.* 522 (61 S. E. 1133). In the latter case it was said: "In the usual progress of a trial the time for the moving and for the granting of a nonsuit is when the plaintiff first rests his case; but when, as in the present instance, nonsuit has not been granted at that time, and the subsequent course of the trial retains or takes on such shape and condition that the evidence remains or becomes wholly and absolutely in conflict with the pleadings, the court may, without error, refuse the plaintiff the privilege of going to the jury, and may end the case by a judgment of dismissal, in the nature of

a nonsuit." In *Grand Rapids School Furniture Co.* v. *Morel,* 110 *Ga.* 321 (35 S. E. 312) it was held: "If when a plaintiff closed his testimony it appeared that he had failed to make out a prima facie case, a motion to nonsuit should have been granted. Where, however, such a motion was made and erroneously overruled, and the defendant then introduced testimony which the plaintiff met with other testimony in rebuttal, and it still appeared, in view of all the evidence, that the plaintiff was not entitled to recover, and the court thereupon recalled its original decision on the motion to nonsuit and dismissed the plaintiff's action, the judgment will not be reversed, though the better practice would have been to direct a verdict in favor of the defendant."

It is thus conceded that a nonsuit may be granted after all the evidence is in. See also *Kelly* v. *Strouse,* 116 *Ga.* 872, 894 (43 S. E. 280) ; *Watson* v. *Barnes,* 125 *Ga.* 733 (54 S. E. 723) ; *Gowen* v. *New Orleans Naval Stores Co.,* 157 *Ga.* 107 (120 S. E. 776) ; *Cook* v. *Attapulgus Clay Co.,* 52 *Ga. App.* 610 (184 S. E. 334), and cit.; 9 R. C. L. 203-205, § 20. In *Massoud* v. *Lamar, Taylor & Riley Drug Co.,* 18 *Ga. App.* 398 (89 S. E. 442), which had reference to a case coming out of the municipal court of Atlanta, wherein it was stated that it was "not proper to award a nonsuit after both the plaintiff and the defendant have introduced evidence" and that the award of a nonsuit in that court was erroneous, the ruling that it was not proper to award a nonsuit after the plaintiff and defendant had introduced evidence was obiter in that it was error under any circumstances to grant a nonsuit in the municipal court of Atlanta. See *Shippey* v. *Owens,* 17 *Ga. App.* 127 (86 S. E. 407), cited in the *Massoud* case, where it was held: "The municipal court of Atlanta is without express authority to award a nonsuit, and there is nothing in the act creating that court from which the grant of the power to award a nonsuit is necessarily to be implied."

While the plaintiff also contended before the court, and in assignment of error in the bill of exceptions, that the verdict for the defendant was improperly directed, because the evidence authorized a verdict for the plaintiff, the plaintiff also, on the trial, as appears in the motion for new trial, objected to the motion of the defendant to direct a verdict for the defendant, upon the ground that the plaintiff's case should be dismissed, and assigns error in the bill of

exceptions upon the direction of a verdict, on the ground that the court should have either granted a nonsuit or dismissed the case. It does not appear that the verdict for the defendant was directed without an opportunity having been afforded the plaintiff to voluntarily dismiss the case. Had it appeared that such opportunity had not been given to the plaintiff, a different question would be presented, and it might be that the court erred in directing a verdict for the defendant instead of granting a nonsuit. In *Gowen* v. *New Orleans Naval Stores Co.*, 157 *Ga.* 107 (120 S. E. 776), the Supreme Court, on exceptions by the plaintiff to the direction of a verdict for the defendant, made at the close of the plaintiff's evidence, where the verdict was directed without the plaintiff having been given an opportunity to dismiss the case, affirmed the judgment with direction that the plaintiff "have leave to vacate the verdict and substitute therefor a judgment of nonsuit." While this ruling was made in a case in which a verdict was directed at the close of the plaintiff's testimony, it would be equally applicable to a case where after the introduction of testimony by the defendant the case had closed, if under the law a nonsuit should have been granted rather than a verdict for the defendant directed. However, it does not appear in the present case that the court erred in directing a verdict for the defendant.

FELTON, J. I concur in all that is said in the opinion, except as to the reason why the plaintiff was not entitled to a nonsuit. In my opinion the proper disposition of a case, after introduction of evidence by both plaintiff and defendant, is by verdict, either by the jury or by direction of the court, followed, of course, by judgment, for the reason that there is but one provision of law that I know of to test the sufficiency of the evidence introduced on the part of both parties, and that is by a motion for new trial. The only way the plaintiff could have protected itself against the probable or possible effects of an adjudication (and I express no opinion on that subject) would have been to dismiss the case before a verdict had been rendered.