## GREER *vs.* WOOLFOLK.

1. A county judge has jurisdiction to issue and dispose of distress warrants irrespective of the amounts thereof.
2. A rent note being made payable to bearer, the defendant could not question the plaintiff's title thereto, unless it was shown to be necessary to his defense. A motion for non-suit, on the ground that the evidence disclosed that the note had been deposited with third persons as collateral security, and the debt was therefore due to them, was properly overruled.

Jurisdiction. County Courts. Promissory notes. Practice in the Superior Court. Before Judge GRICE. Houston Superior Court. May Term, 1878.

Reported in the decision.

C. C. DUNCAN; A. S. GILES; C. M. DUPREE; W. C. WINSLOW, for plaintiff in error, cited as follows: (on jurisdiction) *Brown vs. Alfriend,* decided at present term; Code, §§295, 308, 4082–3; acts 1875, p. 23; (motion proper) Code, §3462; (on non-suit) Code, §4082.

WARREN & DAVIS, for defendant, cited as follows: (on jurisdiction) Code, §§282, 284, 295, 4077, 4081; 45 *Ga.,* 132; *Brown vs. Alfriend,* present term; (on non-suit) Code, §§2138, 2139, 2142; 4 *Ga.,* 443; 2 Kent's Com., 9 ed., p. 779, side p. 577, p. 784, side p. 581, p. 789, side p. 585; Parsons on Cont., 592; *Bolton vs. Duncan,* present term.

WARNER, Chief Justice.

This case comes before us on a bill of exceptions to the rulings of the court below on the following statement of facts, to-wit: On the 19th of November, 1877, Woolfolk sued out a distress warrant against the defendant, Greer, before the county judge of Houston county, for the sum of $250.00, for rent, which was made returnable to said county court. A counter-affidavit was filed by the defendant, and, on the trial of the case in the county court, a judgment was

rendered against the defendant for $213.75.    The defendant entered an appeal to the superior court, and, on the trial thereof, the defendant made a motion to dismiss the distress warrant, on the ground that the county court to which the warrant was made returnable had no jurisdiction to try the same, which motion was overruled, and the defendant excepted.    The defendant then made a motion to non-suit the plaintiff, on the ground that the evidence showed that the rent note had been deposited by the plaintiff with Rogers & Lemon as collateral security, and therefore the rent for the land was due to them, and not to the plaintiff, which motion was also overruled, and the defendant excepted.

1. By the 282d and 283d sections of the Code, the county judge has jurisdiction in civil cases to the amount as stated in the respective sections thereof, but by the 295th section of the Code, the county judge has jurisdiction " to issue and dispose of distress warrants," and the other cases enumerated therein, without regard to the amount, the right of *certiorari* and appeal to the superior court being secured ; and this ruling is not inconsistent with the judgment of the court on the question involved in the case of *Brown vs. Alfriend*, decided during the present term.

2. There was no error in overruling the defendant's motion to dismiss the distress warrant.    The note being payable to bearer, the defendant had no right to question the plaintiff's title to it, unless it had been shown that it was necessary for his defense, which did not appear.    Code, §2789. The payment of the note to the plaintiff will be a sufficient protection to the defendant.    There was no error in overruling the defendant's motion for a non-suit.

Let the judgment of the court below be affirmed.