## MARTIN *v.* JOHNSON.

If a resident of this State agreed with a non-resident that, in consideration that the latter would lend him $500, he would make and deliver his promissory note for that sum and secure its payment by executing a deed to land in this State, the non-resident to reconvey the land upon payment of the note and other sums represented by separate notes; and to carry out this agreement the non-resident advanced $420, and the resident executed and delivered the deed, the note for $500, and other notes for interest thereon at eight per cent. for the time of the loan, payable in another State, the contract was partly performed here, and the principal sum loaned with interest thereon at eight per cent. was all that could be recovered.

(*a*) The general rule that the interest which a contract shall bear is to be governed by the law of the place where it is to be performed, applies to contracts legal where made.

(*b*) One plea having been erroneously stricken, others, which are technically incorrect and constituting no bar to the action, may be amended at the new trial.

March 1, 1890.

Interest and usury. Contracts. Promissory notes. Pleadings. Before Judge SMITH. Muscogee superior court. November adjourned term, 1888.

Reported in the decision.

PORTER INGRAM, J. F. POU, C. R. RUSSELL and C. J. THORNTON, for plaintiff in error.

BARROW & THOMAS and L. F. GARRARD, *contra.*

BLANDFORD, Justice.

George P. Johnson brought his action against Neal P. Martin on a promissory note, alleging in his decla-

ration that, to secure the payment of said note, Martin had executed to him a deed conveying certain land lying in the county of Muscogee and State of Georgia ; wherefore he prayed a special lien on said land according to the statute in such cases made and provided, as well as a general judgment against Martin. The note is dated at Columbus, Ga., April 16th, 1887, and payable to the order of Johnson at the office of the Eastern Banking Company, Boston, Mass. To this action Martin pleaded (1) the general issue ; (2) that the consideration for which said note sued on was given was largely tainted with usury, and that the sum of eighty dollars of usurious interest was added into, and constituted a part of, the $500 for which said note was given ; that he actually received from the plaintiff only $420, and that all the balance was for usurious interest at and above the rate of 8 per cent. per annum. And defendant further alleges that one William Redd was, at the date of the note, the duly authorized agent of the plaintiff to negotiate said loan ; that he called on Redd, as such agent, and requested said loan of $500 for the term of five years, and that the said Redd then and there agreed to make such loan ; that for the delay of payment of said sum, defendant agreed to give his several notes (as alleged by the plaintiff) at the rate of eight per cent. per annum on the said $500 note, and that then and there the said Redd, as such agent, demanded from defendant for further interest, and in consideration of delay of payment of said note, the further sum of $80, to all of which exactions and demands defendant agreed and consented, as the same were the only terms upon which the loan could be had ; that he received from the plaintiff's authorized agent the sum of $420, and no more, and thereupon gave his note for $500 and the interest notes, plaintiff receiving also the sum of $80, making in all the sum of $263.32 of interest for the

delay of payment of the $420 received by defendant for the term of five years; that by said usurious transaction the plaintiff received the sum of $95.22 of usurious interest over and above the lawful rate of 8 per cent. interest for delay of payment of $420 for five years. And defendant pleaded (3) that the plaintiff could not have or enforce any special lien on said land for said purchase money under said deed made by defendant, and set forth by plaintiff, because defendant says said deed is void and conveys no title, the same being tainted with usury; that as part consideration of said deed, defendant paid to the plaintiff the sum of $95.22 of usurious interest over and above the lawful rate of 8 per cent. per annum, and that the same entered into and formed part of the consideration of said deed. And (4) defendant alleges that on the 16th day of April, 1887, plaintiff made and delivered to defendant his certain obligation in writing, signed with his hand and seal, whereby he bound himself to reconvey to defendant the land described in said obligation, provided that defendant should pay said $500 note sued on, and also the coupon notes described in plaintiff's declaration, which said obligation in writing made by the plaintiff to defendant recites the particulars of said loan of $500, and recites further that the loan was made to bear interest at the rate of 8 per cent. per annum; defendant averring that said loan of $500 was to and did bear interest at the rate of 16 per cent. per annum, defendant receiving only $420, and $80 of said amount being retained by plaintiff as further interest for the delay of payment of $500 for the term of five years. Defendant alleges that said sum of $80 was exacted and retained by the plaintiff as usurious interest over and above the legal rate of eight per cent. per annum, and therefore the deed made by him conveying said land to the plaintiff was made in consideration of said usurious interest, and is null and

void; that all the deeds, obligations and contracts between him and the plaintiff concerning said loan are tainted with usury, and each and all of them are null and void. To all of these pleas, except the first, the plaintiff by his attorneys demurred, and moved to strike the same. The demurrer was sustained by the court, and said pleas were stricken.

While we think that these pleas were technically incorrect, and that the second and fourth pleas did not constitute a bar to the action, yet, inasmuch as we are of the opinion that the court committed error in striking the third plea, and as the case will have to go back for another trial, and the plaintiff in error may amend his pleas so as to plead a want of consideration in the note as to $80, or a set-off to that amount, we are induced to express some opinion as to the main point which has been argued before us. It is undoubtedly true, as a general rule, that the interest which a contract should bear is to be governed by the law of the place where the same is to be performed. This rule applies to all legal contracts—legal where the same are executed and made; but where, according to the law of the place whereat the contract is made, it is unlawful to take or to exact usury, or more than a certain per cent. of interest provided by law as the legal rate, such contract will, in some instances, be construed according to the law of that place. It appears from the pleas which were stricken that the parties to this case entered into an agreement whereby it was agreed that the plaintiff in error, in consideration that the defendant in error would advance and lend to him the sum of $500, would make and deliver to the defendant in error his promissory note for the sum of $500, and that he would secure the payment of said note by executing a deed to certain land located in this State, the defendant in error to reconvey said land to the plaintiff in error upon pay-

ment of the $500 note and the notes given for usury. To carry out this agreement, the defendant in error advanced to the plaintiff in error the sum of $420, retaining $80 out of the $500 for which the note was given; whereupon the plaintiff in error executed the deed set forth in the record. We are clear in the opinion that a part of this contract or agreement was made in this State and performed in this State. That is to say, the usurious interest, as alleged in the plea, was paid in this State to the defendant in error. We therefore think that this contract was usurious to some extent, and under the laws of this State the defendant in error can recover nothing more than the principal sum loaned, with interest thereon at the rate of 8 per cent., all interest in excess of that being usurious and not recoverable. The notes given by the plaintiff in error were only a part of the contract, and it is a well-settled question of law that one contract or agreement may be a good consideration to support another. So, as the part of this agreement which is to be performed in Massachusetts is the payment of the notes sued on, when the courts of this State are called upon to enforce this contract, the usury which was exacted and retained by the defendant in error may be pleaded to the action. In the case of Andrews v. Pond, 13 Pet. 77, where a draft which contained usury was made in the State of New York, but payable in the State of Alabama, and which under the laws of the former State was declared void, whereas under the laws of the latter State the usury contained in the same alone was void and could not be collected, the Supreme Court held that such contract was to be governed by the laws of the State of New York. In the case of Holmes v. Manning, 19 N. E. Rep. 25, where a note which contained usury was dated at Boston, in the State of Massachusetts, made payable in the State of Massachusetts, but payable to a payee

who resided in the State of New York, who was the plaintiff in the case, the court held that the contract was to be governed by the law of New York, and the note was void. See also the case of *Finney* v. *Cadwallader*, 55 *Ga.* 78. If this court should hold that a note made in this State, but payable in the State of Massachusetts, for money advanced by the agent of a person who resided in Massachusetts, could be collected notwithstanding it contained sixteen per cent. usurious and unlawful interest, then the law of this State as to usury would be inoperative and useless; the money lenders of those States which have no usury laws, but which allow to be collected any rate of interest contracted for, could flood this State with their agents, and by the loan of money exact the highest rates of interest, even 100 per cent. The contract of lending and borrowing always includes two agreements: one by the lender to deliver the money, and the other by the borrower to repay it. As the pleas do not allege that the agreement to deliver the money was to be performed elsewhere, the place of delivery was Georgia. Dolman *v.* Cook, 14 N. J. Eq. 56; Campion *v.* Kille, *Id.* 229; Andrews *v.* Torrey, *Id.* 355. It was in the performance of this agreement that the usury was reserved. The whole amount of the usury was deducted from the money delivered, and this was done in Georgia. The taint of usury does not result from payment, but from agreement, performed or unperformed. Were payment necessary, the deduction of the usury from the amount of the loan is equivalent to payment, not for the purpose of recovering it back, but for the purpose of affixing the taint, and resisting ultimate payment *pro tanto*. The note bears no usurious interest, but a part of the principal is usury already reserved in Georgia by holding back a part of the loan. That part of the note represents money now in the creditor's possession, and which he has never delivered

to the borrower. Suppose the note were for that money only, with eight per cent. interest on it, would it be collectible because payable in Boston? Would it not be a contract to pay in Boston usury which had been reserved in Georgia? Is usury reserved in Georgia by deducting it from the loan less usury because agreed to be actually paid elsewhere?

The parol agreement out of which the note sued on in this case sprung was made in this State. Part of that agreement was performed in this State. The usury set forth in defendant's pleas was paid in this State; and all that was left to be performed of that agreement was the payment of the notes sued on in this State. The maker of these notes resides in this State, and the land which was conveyed as security is located in this State. Whether a contract is made with reference to the place, or State, or country, in which it is to be performed, is a question of no easy solution. However this may be, there is enough in this case to show that in all likelihood the parties to the contract sued on contemplated the law of the domicile of the maker as the law which should govern this contract in all respects. There is a portion of this contract which under no circumstances could be enforced in the State of Massachusetts—that as to the land upon which it is sought to set up a lien. Nor can we very readily see how any portion of this contract could be enforced in the State of Massachusetts against a person resident in the State of Georgia. So we think that the second and fourth pleas could be so amended as to be allowed to stand. As to the third plea, we are satisfied that the court erred in sustaining the demurrer thereto and striking the same. That plea distinctly alleged that the deed of conveyance was tainted with usury, and this court has frequently held under our code that wherever a deed is tainted with usury, it is void as a conveyance because the same

is illegal. We are satisfied that the striking of this plea was erroneous, and for this reason the judgment of the court below must be                          *Reversed.*