"If you should find that the message was not delivered within a reasonable time under the attending circumstances, your verdict would be for the plaintiff upon both of these propositions."

BIGBY, REED & BERRY and R. H. POWELL, for plaintiff in error.

W. D. KIDDOO, contra.

90  257
90  517

## NICHOLSON & COMPANY v. WHALEY.

1. Where a promissory note and mortgage upon personal property are combined together in one instrument, the promise being to pay the money to a named payee or bearer, and the mortgage portion of the instrument being in these words: "To further secure the payment of this note I hereby mortgage the following described property," etc., one who is not the payee named in the paper cannot foreclose the mortgage in his own name as holder and owner thereof without having a written assignment of the same. Code, §1996; *Planters Bank* v. *Prater*, 64 *Ga.* 609.

2. When the execution under such a foreclosure has been levied on the mortgaged property, a motion by a claimant thereof to dismiss the levy, on the ground of the above indicated objection to the foreclosure, should be sustained unless by appropriate amendment the objection is removed.

3. Affidavits to foreclose mortgages being amendable as ordinary declarations since the act of October 5th, 1887 (pamphlet p. 59), and section 3486 of the code declaring that when it becomes necessary for the purpose of enforcing the rights of a plaintiff he may amend by substituting the name of another person in his stead suing for his use, proceedings to foreclose a mortgage on personalty instituted by the real owner of the mortgage are amendable by inserting as party plaintiff the name of the mortgagee for the use of such owner.          *Judgment reversed.*

August 27, 1892.

Mortgage foreclosure. Amendment. Before Judge FISH. Webster superior court. October term, 1891.

Claims were interposed by Ada Whaley to the levy of executions in favor of Nicholson & Co. against Harris. By consent the cases were tried together, and on motion of the claimant the levy was dismissed, because

v 90-17

the mortgages from which the executions issued by foreclosure showed upon their face that they were given to parties other than Nicholson & Co., who foreclosed them, and could not be foreclosed in the name of Nicholson & Co., without written assignment of the party or parties to whom they were made. They were mortgages on personalty, made to the Savannah Guano Co., and its assigns, and the Atlanta Guano Co., and its assigns, to secure promissory notes payable to those companies or bearer (each note, together with the mortgage securing it, constituting one instrument). To the ruling dismissing the levy, and to the refusal of the court to allow the foreclosure "to be amended for the use of said D. W. Nicholson & Co.," the plaintiffs excepted.

J. B. HUDSON and FORT & WATSON, for plaintiffs.

W. H. KIMBROUGH, E. A. HAWKINS and BUTT & LUMPKIN, *contra.*

---

CHATTANOOGA, ROME & COLUMBUS R. R. Co. *v.* CLOWDIS.

The declaration set forth a cause of action. The evidence supported it. There was no error in the charge of the court which misled the jury or resulted in injury to the defendant, nor in admitting or excluding evidence; nor was the verdict excessive. The court did not err in denying a new trial.     *Judgment affirmed.*
August 1, 1892.

Railroads. Damages. Negligence. Evidence. Charge. Before Judge MADDOX. Chattooga superior court. September term, 1891.

Mrs. Clowdis sued the railroad company for the homicide of her husband. Defendant demurred to the declaration, on the ground that it set forth no sufficient cause of action. The demurrer was overruled, and defendant excepted. The declaration alleged that on November 5, 1890, A. F. Clowdis, petitioner's husband, in