## BURCH et al. v. DANIEL.

1. A promissory note, as originally written and executed, was payable to a named person "or order." This person endorsed it to another, and thereafter an action was brought upon it by a third person, to whom it had never been endorsed. At the time this action was begun, the note had been altered by erasing the word "order," and inserting the word "bearer," without the knowledge or consent of the makers; but when, or by whom, such alteration was made did not appear. *Held*, that the plaintiff could not maintain an action upon this note in his own name; and this is true, even if the alteration was made before he became possessed of the note, and though he took it without knowledge of the fact that there had been a change in its terms after its execution.

2. This case is controlled by the ruling above announced; and, under the facts therein recited, it was error to direct a verdict in the plaintiff's favor.

Submitted April 17, — Decided May 20, 1897.

Complaint on notes. Before Judge Hart. Laurens superior court. July term, 1896.

*Roberts & Burch*, for plaintiffs in error.
*A. F. Daley* and *Ira S. Chappell*, contra.

LUMPKIN, P. J. In order to authorize one to institute and maintain in his own name an action upon a promissory note, the legal title to the paper must be in the plaintiff.

This was an action by Daniel upon promissory notes which were originally payable to John A. Fretwell, or order. Upon each of the notes was written the following transfer: "For value received, I hereby sell and transfer the within note to C. S. Pope, without recourse on me. J. A. Fretwell." Without the knowledge or consent of the makers of the notes, the word "order" had been in each of them erased, and the word "bearer" substituted in its stead, before the action was brought; though it does not appear when or by whom these alterations had been made, or that this had occurred before Daniel, the plaintiff, became possessed of the notes. Whatever may be the truth as to this matter, it is certain that the legal title to the notes was not in the plaintiff when he brought his action. Manifestly it was in Pope, as the notes had never been endorsed by him to any one. The unauthorized change in the phraseology of the notes, whether innocently or fraudulently made, did not render them negotiable by mere delivery. If Daniel was in fact the equitable owner of the notes, he might have instituted an action thereon, for his use, in the name of the person holding the legal title; but, under the facts as they appear in the record before us, his case falls squarely within the rule announced at the beginning of this opinion. In this connection, see *Dalton City Co.* v. *Johnson*, 57 *Ga.* 398; *Benson* v. *Abbott, Parker & Co.*, 95 *Ga.* 69.

　　　　　　*Judgment reversed. All the Justices concurring.*