## BURCH *v.* DANIEL.

1. A plaintiff who brought suit upon a promissory note, the legal title to which was not in him when his petition was filed, could not maintain the action by proving that before trial he had procured an indorsement of the note to himself from the person in whom such title had vested at the time the action was begun.

2. In view of the foregoing, and of the facts appearing in the record, the court erred in directing a verdict for the plaintiff.

Argued October 13, — Decided November 9, 1899.

Complaint. Before Judge Hart. Laurens superior court. July term, 1899.

*Roberts & Milner* and *Anderson, Felder & Davis*, for plaintiffs in error. *A. F. Daley* and *Ira S. Chappell*, contra.

LEWIS, J. When this case was here before (see 101 *Ga.* 228), it was decided that the plaintiff could not maintain an action upon the note sued on in his own name. It is, therefore, unnecessary to enter into any discussion of the question then involved and decided. Upon both trials below it appeared that the notes sued upon were originally written payable to John A. Fretwell or order, and that the word "order," after the execution of the notes, was, without any consent or knowledge of the makers, erased, and the word "bearer" substituted in its place. Fretwell, the payee, transferred the notes by written assignment thereof to C. S. Pope. On the first trial of the case there was no indorsement or other written transfer of the notes to the plaintiff; and it was accordingly held by this court that the plaintiff had no legal title to the notes sued upon, and consequently could not maintain an action in his own name. On the second trial of the case now under review, it appears, when the original notes were introduced in evidence, Pope's indorsement to the present plaintiff did appear thereon. Hence it was evidently made after the filing of plaintiff's suit. In the copy of the notes attached to the petition no such indorsement of Pope appears, nor was there any motion made to amend these exhibits to the petition by making them conform to the original notes introduced in evidence. Defendant's counsel moved to dismiss the petition, on the ground that the notes sued upon showed no title in the plaintiff to the same. At the conclusion of the testimony the court directed a verdict for plaintiff; whereupon the defendants filed their motion for a new trial, and except to the judgment overruling the same. Besides the general grounds of the motion, that the verdict was contrary to law and evidence, error is assigned in over-

ruling movant's objection to the admission of the notes in evidence on the following grounds: 1st, because the explanation of the alterations of the note was insufficient.   2d, because the entry of the indorsement thereon, which bore no date, from C. S. Pope to plaintiff, was made after the suit was brought and during the pendency of the litigation.   The motion also assigns error on the judgment of the court directing a verdict for the plaintiff.

There was no error in refusing to dismiss the petition, as a copy of the notes sued upon, attached as an exhibit to the petition, showed that upon their face they were payable to bearer. When the suit was originally instituted the plaintiff had no title to the note sued upon, on which he could maintain an ordinary action at law in his own name.   A simple and a controlling question in this case is whether or not, pending this litigation, he could acquire such title, by a due transfer of the notes, and upon such a transaction with the holder of the legal title maintain his present action.   That the plaintiff, upon the trial of his case, can not insist upon any right or cause of action that did not exist at the time of filing his suit is an axiomatic principle of pleading and practice, so well established as to require no discussion.   We can not see how the present case presents any exception to the rule.   Plaintiff's right of action depended upon his title to the contract declared upon at the time he brought the suit.   Not having title then, he could not afterwards acquire such title and maintain his original action.

There seems to have been no question in this record that the notes were really delivered to the defendant in error for value before suit thereon was filed, and that Pope, who held the legal title to the note, recognized this fact.   For these reasons it may be plausibly urged that the suit should have been maintained in the name of the party who really had such an equitable title to the notes, and that no harm could, under the facts and circumstances of this case, have resulted thereby to the makers who were sued ; but such an answer can be no reply to an established rule of law and of pleading and practice. The law prescribes that when a note is payable to one, or order, a transferee thereof can not acquire legal title without written

indorsement. When the maker of the note makes a contract to pay to a certain person, or order, he places himself under no obligation to make payment to any one save the payee named, or to some other person to whom the payee has, by written authority, directed payment to be made. It follows, therefore, that to allow an action maintained merely by the holder of a note not clothed with such legal title might result in loss to the makers, for they could be held liable by a subsequent suit instituted by the payee, or his indorsee. The fact that there is no possibility of such a result in the present case does not change the rule of law. In regard to actions of ejectment, it seems to be uniformly held by the courts of this country, that in order for the plaintiff to recover he must have title at the commencement of his suit; and that he can not avail himself of title thereafter acquired. 10 Am. & Eng. Enc. L. (2d ed.) 494, and authorities cited. We see no reason why a different rule should apply where plaintiff's right of action on a note depends upon his title thereto. In view of the foregoing, and of the facts appearing in the record, the court erred in directing a verdict for the plaintiff.

*Judgment reversed. All the Justices concurring.*