### 1051.   LOWRY NATIONAL BANK *v.* MADDOX.

1. The defenses of the maker of a promissory note payable to order can be cut off only by the payee's formal indorsement of it before maturity.
2. A guaranty written upon it by the payee is not such an indorsement.

Complaint, from city court of Dublin—Judge Burch. January 31, 1908.

Argued April 22,—Decided May 7, 1908.

*Ira S. Chappell, Payne, Jones & Jones,* for plaintiff in error.

*T. L. Griner, Hines & Jordan,* contra.

POWELL, J.  The defendant executed his promissory note promising to pay Brooke, or order, a sum of money on a day fixed.  He had a good defense to the note, as against the original payee. Before its maturity Brooke pledged it to the plaintiff as collateral security, and wrote upon it the following:  "For value received I hereby guarantee the payment of this note at maturity.  George W. Brooke."  The plaintiff claimed protection as a bona fide purchaser for value of commercial paper.  The defenses by the maker of the note against the original payee were admitted by the court, and the trial resulted in favor of the defendant.

1.  To enable the holder of a promissory note payable to the order of a named payee to assert successfully the rights of a bona fide purchaser for value, it must appear that the note was formally indorsed by the payee in writing before its maturity.  *Benson* v. *Abbott,* 95 *Ga.* 70 (22 S. E. 127) ; *Farris* v. *Wells,* 68 *Ga.* 604; *Haug* v. *Riley,* 101 *Ga.* 375 (29 S. E. 44, 40 L. R. A. 244) ; *Burch* v. *Daniel,* 101 *Ga.* 228 (28 S. E. 622).

2.  The indorsement of a negotiable instrument does not lose its force and efficacy because it includes a guarantee as well as a transfer.  *Vanzant* v. *Arnold,* 31 *Ga.* 210; *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762 (42 S. E. 1002).  An indorsement by the original payee of such a note, containing words of guaranty alone, without words of transfer, but accompanied by a physical transfer of the paper, may operate to pass title to the instrument and give to the holder the right to treat the payee as indorser with an enlarged liability.  *Pattillo* v. *Alexander,* 96 *Ga.* 60 (22 S. E. 646, 29 L. R. A. 616), and cit.  But such a guaranty, in the absence of the ordinary words of transfer or assignment, does not constitute the holder such a purchaser for value as to protect him from defenses already accrued to the maker against the original payee.  Trust Co. *v.* National Bank, 101 U. S. 68 (25 L. ed. 876) ; *Pattillo* v. *Alexander,* supra, pp. 71, 73) ; *Andrews* v. *John Church Co.,* 1 *Ga. App.* 560 (58 S. E. 130).  The bank, never having received a perfect formal indorsement of the negotiable instrument, was exposed to the same vulnerability from the defendant's pleas as the original payee would have suffered if he had been the plaintiff.  The defendant, having fully established his pleas, was entitled to the verdict which was rendered in his favor.

*Judgment affirmed.*