### 4925.  HERRING v. FIRST NATIONAL BANK OF VIENNA.

1. To enable the holder of a promissory note payable to another to assert successfully the rights of a bona fide purchaser for value, it must appear that the payee formally indorsed or assigned it in writing to the holder.
2. The consideration of a promissory note is always a proper subject of inquiry, and the answer of the defendant in this case was not demurrable upon the ground that his counter-claim antedated the note which was the basis of the action. The case is clearly distinguishable from that of *Turner* v. *Pearson,* 93 *Ga.* 515 (21 S. E. 104), and similar cases.

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Vienna—Judge Lasseter. April 21, 1913.

*Jere M. Moore,* for plaintiff in error. *Watts Powell,* contra.

RUSSELL, J. The suit was upon two promissory notes signed by the plaintiff in error. The notes were payable to the Vienna Cotton Oil Company, and were not indorsed or assigned in writing.

The petition was filed in the name of the Vienna Cotton Oil Company, for the use of the First National Bank of Vienna, and alleged an indebtedness on the part of the defendant of $881.70, besides interest and attorney's fees. On motion of the plaintiff the petition was amended, by striking the words "Vienna Cotton Oil Company, for the use of," and thus the case proceeded, with the First National Bank of Vienna as plaintiff, suing for its own use. The court struck the answer of the defendant, and, upon the petition as amended, rendered judgment against the defendant for the full amount set forth in the petition. The motion to amend the plaintiff's petition was made in response to a motion on the part of the defendant to strike the petition.

1. We think the trial judge erred in rendering judgment against the defendant; for there was no evidence which authorized the plaintiff to recover. The statement in the petition that the plaintiff "was the owner in due course of business of said note before maturity" is a mere conclusion of the pleader, and is wholly unsupported by anything in the record. The notes themselves were not negotiable without indorsement, for it was stipulated that payment should be made to the Vienna Cotton Oil Company. "Unless a promissory note is made payable to bearer, it is not proprio vigore negotiable in the strict legal sense; it is wanting in the final requisite which imparts to it the quality of negotiability, namely indorsement. By this act alone can it become negotiable; and therefore it follows that he who receives it before indorsement does not take it as negotiable paper, and not being thus negotiable, he takes subject to the equities between the parties." *Benson* v. *Abbott,* 95 *Ga.* 75-6 (22 S. E. 129). Furthermore, the interest of the oil company in the note, and its title thereto, could not pass except in writing. "Where a note, draft or check is made payable to order, the indorsement of the payee is necessary to transfer the legal title to another. Without such indorsement, the transferee takes the paper as a mere chose in action, and, to recover upon it, must aver and prove the consideration." *Farris* v. *Wells,* 68 *Ga.* 604. There being no averment in the petition in the present case as to what was the consideration, and no proof that there was any consideration by reason of which the title of the oil company to the note passed to the bank, the bank was not entitled to recover against the defendant, even though the oil company might have been able to do so.

It is no defense to an action on a note, brought by the holder of the legal title to the note, that he has no pecuniary interest in the suit, but the holder of a note payable to another, which has not been indorsed or assigned in writing, can not bring an action thereon in his own name, but must necessarily use the name of the holder of the legal title, as suing for his use. See *Hartford Insurance Co.* v. *Amos,* 98 *Ga.* 534 (25 S. E. 575), in which it was held that a demurrer to an action brought upon a policy of fire insurance by a person other than the one to whom the policy was issued should have been sustained, though the declaration alleged that the latter had "for a valuable consideration transferred and assigned and delivered said policy of insurance to the petitioner." Under our code (Civil Code, § 3653) all choses in action are assignable; but, as held by the Supreme Court in construing this section of the code, the assignment must be in writing. *Hartford Insurance Co.* v. *Amos,* supra; *Turk* v. *Cook,* 63 *Ga.* 681; *Daniel* v. *Tarver,* 70 *Ga.* 206; *Hatcher* v. *Banks,* 79 *Ga.* 547 (5 S. E. 111); *Riley* v. *Hicks,* 81 *Ga.* 272 (7 S. E. 173); *First National Bank* v. *Hartmann Steel Co.,* 87 *Ga.* 438 (13 S. E. 586).

Even after the court had erroneously overruled the defendant's motion to strike the petition as amended, the plaintiff in this case was certainly not entitled to recover, in the absence of proof that the transfer was upon a consideration.

2. In view of the fact that it is only as to a bona fide purchaser before maturity that the maker of a note is precluded from setting up equities, the court erred in striking the defendant's answer. In the state of the pleadings there was nothing to show that the plaintiff bank was a bona fide purchaser before maturity of the notes in question; and for this reason the defendant was not precluded from showing (as he averred in his plea to be the case) that the consideration of the notes had partially failed.

*Judgment reversed.*