13184, 13185.  CITIZENS FIRST NATIONAL BANK OF ALBANY *v.* WILSON; and *vice versa.*

The action being upon a series of unindorsed promissory notes payable to order and in which the plaintiff was not named as payee, although it appeared from the petition and an exhibit that the payee transferred and assigned them to the plaintiff by a separate paper to which all the notes were attached, the court did not err in dismissing the petition, on motion based on the ground that the legal title to the notes was not shown to be in the plaintiff. Only an equitable title would be passed by such a transfer, and an action thereon could not properly be brought in the transferee's own name as plaintiff.

DECIDED APRIL 26, 1922.

Complaint; from city court of Albany — Judge Clayton Jones. December 12, 1919.

Certiorari was granted by the Supreme Court.

*Milner & Farkas,* for plaintiff, cited: 95 *Ga.* 69, 72; 101 *Ga.* 372 (2) ; 15 Ind. 59; 19 Neb. 639, 641; Norton on Bills and Notes, 156; Civil Code (1910), § 3653.

*Lippitt & Burt,* for defendant, cited: Civil Code (1910), §§ 4299, 3653, 3346; 117 *Ga.* 689; 124 *Ga.* 511; 6 *Ga. App.* 571; 69 *Ga.* 627 (2) ; 116 *Ga.* 762; 13 *Ga. App.* 492, 494.

HILL, J. This was a suit by a bank on thirteen promissory notes bearing the same date and due at different times, made by the defendant Wilson and payable to the order of the Chal-Max Motor Company. They were not indorsed by the payee. By an amendment to the petition it was alleged that the notes were transferred to the plaintiff on an independent and separate piece of paper attached to them. The defendant made a motion to dismiss the suit, on the ground that there was nothing to show that the plaintiff held the legal title to the notes, and therefore it had no right to bring the suit in its own name, but the suit should have been brought in the name of the Chal-Max Motor Company for the use of the plaintiff. The court sustained the motion, and this is the error complained of.

There was no error in the dismissal of the suit; nothing appearing on the notes to show the title in the plaintiff, the Citizens First National Bank, and the amendment offered being only sufficient to show an equitable interest of the plaintiff therein. Where a promissory note is made payable to "order," and is transferred without indorsement, the transferee does not acquire the legal title, but acquires only an equitable title to the note. The notes sued on being payable to order, the mere delivery of them would not have the effect to pass the legal title, nor would the mere assignment thereof, evidenced by another and entirely distinct instrument in writing, have that effect. *Benson* v. *Abbott, 95 Ga.* 69 (22 S. E. 127); *Haug* v. *Riley, 101 Ga.* 373 (29 S. E. 44, 40 L. R. A. 244); Daniel on Negotiable Instruments (6th ed.), § 741; *Herring* v. *First National Bank, 13 Ga. App.* 492 (79 S. E. 359); *Lowry National Bank* v. *Maddox, 4 Ga. App.* 329 (61 S. E. 296).

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*