### ALLEN *v.* COMMERCIAL CREDIT COMPANY.

1. Where promissory notes are made payable to a named person or order, the holder thereof other than the payee can not sue thereon in his own name, where the notes have not been indorsed or assigned in writing to him; but suit can only be brought thereon in the name of the original payee for the use of the holder.
2. Where the petition fails to allege or show such indorsement or assignment in writing, it is subject to dismissal on general demurrer.
3. The allegation in the petition that the plaintiff is the bona fide purchaser and holder of the notes sued on does not show legal title to the notes in the plaintiff, the record disclosing that they are payable to a named payee or order, without indorsement or assignment in writing thereof.

No. 3348. MAY 15, 1923.

Question certified by Court of Appeals (Case No. 13022).

*A. L. Purvis, A. B. Rowe,* and *W. R. Sanderson,* for plaintiff in error. *Ulmer & Bright,* contra.

HINES, J. The Court of Appeals propounds to this court this question: "Is a suit by the holder of a promissory note subject to be dismissed on general demurrer, where the petition together with its exhibits affirmatively shows on its face that the note is payable to the order of another, and has not been indorsed by him, or assigned by written instrument attached thereto as an allonge, so as to go with and form a part of the instrument itself, and where the petition alleges that the plaintiff is the bona fide

purchaser and holder of the instrument sued on, but fails to allege any sort of written assignment thereof?" See, in this connection, *Citizens First National Bank of Albany* v. *Wilson,* 28 *Ga. App.* 524 (111 S. E. 821), now pending in the Supreme Court on certiorari from this court, where the petition was dismissed on motion, and where it was sought to assign a series of independent promissory notes by a single instrument in writing attached to the series."

Where a promissory note is payable to a named person or bearer, the holder can sue thereon in his own name, even where he has no beneficial interest in the paper. *Nisbet* v. *Lawson,* 1 *Ga.* 275; *Houser* v. *Houser,* 43 *Ga.* 415; *Greer* v. *Woolfolk,* 60 *Ga.* 623. In such a case the title to the instrument by its terms is put in the holder thereof. When the note is payable to a given person or order, the holder thereof, other than the payee, can not sue thereon in his own name, where the paper has not been indorsed or transferred to him in writing. The indorsement or the assignment in writing of the note is necessary to put the legal title in the holder. *Benson* v. *Abbott,* 95 *Ga.* 69 (22 S. E. 127); *Burch* v. *Daniel,* 101 *Ga.* 228 (28 S. E. 622), s. c. 109 *Ga.* 256 (34 S. E. 310); *Farris* v. *Wells,* 68 *Ga.* 604; *Herring* v. *First Nat. Bank,* 13 *Ga. App.* 492 (79 S. E. 359). The assignment in writing of such an instrument need not be indorsed thereon or attached thereto, to pass the legal title to the holder; and an allegation that the instrument has been duly assigned in writing is sufficient as against a general demurrer. *Citizens First Nat. Bank* v. *Wilson,* 155 *Ga.* 321 (116 S. E. 316). Without such indorsement or assignment in writing, the holder takes the paper as a mere chose in action; and he can not recover thereon in his own name. Where the petition fails to allege or show such indorsement or assignment in writing, it is subject to dismissal on general demurrer. *Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533 (25 S. E. 575); *Foster* v. *Sullive,* 110 *Ga.* 297 (34 S. E. 1037); *Dalton City Co.* v. *Johnson,* 57 *Ga.* 398. The allegation in the petition that the plaintiff is the bona fide purchaser and holder of the notes sued on does not show title in the plaintiff, it appearing that they are payable to a named party or order, and the record disclosing no indorsement or assignment in writing thereof.

So we answer the question of the Court of Appeals in the affirmative.    *All the Justices concur.*