13022. ALLEN *v.* COMMERCIAL CREDIT COMPANY.

JENKINS, P. J. Under the ruling of the Supreme Court, made in response to the question certified to it by this court (*Allen v. Commercial Credit Co.,* 155 *Ga.* 545, 117 S. E. 650), the plaintiff's petition was subject to dismissal on general demurrer, and the court erred in overruling such a demurrer to the petition as amended.
*Judgment reversed. Stephens and Bell, JJ., concur.*
DECIDED JUNE 25, 1923.

Complaint; from city court of Savannah — Judge Freeman. September 30, 1921.

The certified question was as follows: " Is a suit by the holder of a promissory note subject to be dismissed on general demurrer, where the petition together with its exhibits affirmatively shows on its face that the note is payable to the order of another, and has not been indorsed by him, or assigned by written instrument attached thereto as an allonge, so as to go with and form a part of the instrument itself, and where the petition alleges that the plaintiff is the bona fide purchaser and holder of the instrument sued on, but fails to allege any sort of written assignment thereof? See, in this connection, *Citizens First National Bank of Albany* v. *Wilson,* 28 *Ga. App.* 524 (111 S. E. 821), now pending in the Supreme Court on certiorari, where the petition was dismissed on motion, and where it was sought to assign a series of independent promissory notes by a single instrument in writing attached to the series." The Supreme Court answered this question in the affirmative. As to the case cited, see ante, 295.

*Arthur B. Purvis, Alvan D. Rowe, William R. Sanderson,* for plaintiff in error.

*Ulmer & Bright,* contra.