18063.  ANTHONY, for use, etc., *v.* CALLAWAY.

Where no copy of the note sued on was attached to the petition of one who for the use of another person was suing upon a promissory note, and the petition did not show to whom the note was payable, or whether it was negotiable or had been indorsed, or who was the holder, and therefore the petition did not show that the legal title to the instrument sued on was held by the person bringing the suit, the court, on special demurrer, did not err in dismissing the petition.

DECIDED DECEMBER 15, 1927.

Complaint; from Wilkes superior court—Judge Perryman. February 11, 1927.

*Lawson E. Thompson,* for plaintiff.  *M. L. Felts,* for defendant.

JENKINS, P. J.  Anthony, for the use of Combs, sued S. T. Callaway and Jessie M. Callaway on a promissory note described as being for a stated amount, bearing a stated date, maturing on a certain date, and bearing certain credits.  No copy of the note is attached to the suit, and it does not appear from the petition to whom the note is payable, or whether it is negotiable, whether it had been indorsed, or who is the holder thereof, it merely being alleged "that said defendants are indebted to your petitioner" on the described note.  A demurrer was interposed by the defendants, on the grounds that the suit was pending in the name of no person or corporation, and that the note was insufficiently described and no copy thereof attached to the petition.  On the hearing of the demurrer the court passed an order reciting that, "the plaintiff's counsel in the above-stated case admitting that there is no such person as G. T. Anthony, and that said Anthony was dead at the time of the commencement of the above-stated case, the within demurrer is sustained and the case dismissed on motion of defendants' counsel, for the reason that it is proceeding in the name of no person whomsoever."

1.  While it has been held that admissions of counsel can not be considered in passing upon a demurrer (*Hicks* v. *Beacham,* 131 *Ga.* 89 (2), 93, 62 S. E. 45; *Pollard* v. *Blalock,* 147 *Ga.* 406 (2), 94 S. E. 226), yet since it is the general rule that an action on a promissory note must be brought in the name of the person holding the legal title thereto, and since from the petition, which

Bills and Notes, 8 C. J. p. 821, n. 84; p. 857, n. 85; p. 885, n. 31; p. 897, n. 73.

Pleading, 31 Cyc. p. 78, n. 95; p. 337, n. 1 New.

must be construed against the pleader, it in no wise appears that the legal title to the instrument sued on was held by the person instituting the suit, it not being alleged, as in *Hobbs* v. *Citizens Bank, 32 Ga. App.* 522 (124 S. E. 72), to whom the note was executed and delivered, the demurrer interposed should have been sustained, even though the court might not have been authorized to take into account the admission of the plaintiff in open court that the usor named in the petition had become deceased before the suit was commenced.

2. No offer having been made to amend the petition by striking the name of the deceased usor as plaintiff, so as to seek its maintenance in the name of the usee, the contention made in the brief of counsel that the suit should have been allowed to continue in the name of the usee is not a question which the record presents for determination.

*Judgment affirmed. Stephens and Bell, JJ., concur.*