## 22744. CHRISTIE v. BASSFORD.

JENKINS, P. J. 1. "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. . . If payable to order, it is negotiated by the indorsement of the holder, completed by delivery," which "must be written on the instrument itself or upon a paper attached thereto." 12 Park's Code Supp. 1926, §§ 4271 (1), (2); Michie's Code, § 4294 (30), 4294 (31). "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect at [as of] the time when the indorsement is actually made." Michie's Code, § 4294(49). While "every holder is deemed prima facie to be a holder in due course" (Park's Code, § 4272(9); Michie's Code, § 4294(59)), yet where, as in the instant case, the record tends to show that the promissory note sued on was transferred for value by the payee to the plaintiff, but fails to show any indorsement, there was a transfer but no "negotiation" of the instrument in the meaning of the negotiable-instruments law; and such a transfer without indorsement, therefore, did not preclude the defendant from pleading, as against the plaintiff transferee, any defenses which he could have set up against the payee. Consequently, where the defendant pleaded and proved payments made to the payee sufficient to extinguish the indebtedness of the note, and while the payee held it in his possession as his own or with authority from the plaintiff to the payee to make collections, it was error to direct a verdict for the plaintiff.

2. Even were the rule other than as above set forth, the evidence was sufficient to raise a jury question as to whether or not the plaintiff was in point of fact the purchaser of the instrument before maturity. *Bomar* v. *Equitable Mortgage Co.*, 111 *Ga.* 143, 145 (36 S. E. 601); *Archibald Hardware Co.* v. *Gifford*, 44 *Ga. App.* 837 (2) (163 S. E. 254); *Carolina Locust Pin Co.* v. *Chattanooga Machinery Co.*, 3 *Ga. App.* 732 (2) (60 S. E. 375); 8 C. J. 1006, 1009.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 29, 1933.

*W. A. Morgan, Franklin & Langdale, H. C. Eberhardt,* for plaintiff in error. *Little & Dickerson,* contra.