## 23027. FOLSOM *v.* CONTINENTAL ADJUSTMENT CORPORATION.

DECIDED FEBRUARY 7, 1934.

*C. J. Taylor, George Converse, Fred Powell,* for plaintiff in error.

*H. C. Eberhardt, Franklin Langdale,* contra.

JENKINS, P. J. 1. Prior to the enactment in this State of the uniform negotiable-instruments law, it was the rule that, where a promissory note was payable to a named person or order, the holder other than the payee could not sue thereon in his own name where the note had not been indorsed or assigned in writing to him, and that suit could be brought only in the name of the original payee

for the use of the transferee. *Allen* v. *Commercial Credit Co.,* 155 *Ga.* 545 (117 S. E. 650). The indorsement or assignment in writing of the note was necessary to put the legal title in the holder. *Benson* v. *Abbott,* 95 *Ga.* 69 (22 S. E. 127); *Burch* v. *Daniel,* 101 *Ga.* 228 (28 S. E. 622), s.c., 109 *Ga.* 256 (34 S. E. 310); *Farris* v. *Wells,* 68 *Ga.* 604; *Herring* v. *First Nat. Bank,* 13 *Ga. App.* 492 (79 S. E. 359). Thus, where a petition failed to allege or show such indorsement or assignment in writing, it was subject to dismissal on general demurrer. *Allen* v. *Commercial Credit Co.,* supra, and cit. But this rule was changed by the adoption of section 49 of the negotiable-instruments law in the act of 1924 (pp. 126, 136), embodied in section 4294(49) of Michie's Code, which provides as follows: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor." Such a transfer without indorsement, vesting the transferee with legal title, although not effective to render the transferee a holder in due course (Michie's Code, § 4294 (30, 57, 59); *Chrislie* v. *Bassford,* 47 *Ga. App.* 94 (169 S. E. 687), now permits the transferee to bring suit in his own name. See Beutel's Brannan's Neg. Inst. Law (5th ed.), 463-466; and recent pamphlet by Thomas F. Green Jr., on "Recent Statutory Changes in the Law of Negotiable Instruments in Georgia," 1, 4, 5. Although the case of *Kohn* v. *Colonial Hill Co.,* 38 *Ga. App.* 286 (144 S. E. 33), was tried shortly after the adoption of the negotiable-instruments law, the notes sued on in that case were executel long prior to the passage of that act, and consequently the law there governing was such as previously existed. The instant petition, alleging that the note was "transferred for a valuable consideration," was good as against the general demurrer that it showed no cause of action.

2. "The validity, form, and effect of all writings or contracts are determined by the laws of the place where executed. When such writing or contract is intended to have effect in this State, it must be executed in conformity to the laws of this State, excepting wills of personalty of persons domiciled in another State or country." Civil Code (1910), § 8. "Every contract bears interest according to the law of the place of the contract at the time of

the contract, unless upon its face it is apparent that the intention of the parties referred the execution of the contract to another forum; in this case the law of the forum shall govern." Civil Code (1910), § 3430. "Where no place of payment is expressed, bills and notes are presumed to be made payable at the place of date, at least if it is the same place as the place of execution," and unless a contrary intention appears, the place of performance, which controls the nature, validity, interpretation, and effect of a bill or note, is the place of payment. 8 C. J. 92, 93, §§ 153, 154. Thus, where a promissory note is dated and headed at "South Bend, Indiana," without otherwise indicating the place of payment or performance, or any contrary intention of the parties, or that the contract was "intended to have effect in this State," the State of Indiana will be considered as the place of contract, payment, and performance. See *Martin* v. *Johnson,* 84 *Ga.* 481 (10 S. E. 1092, 80 L. R. A. 170) ; *Flournoy* v. *First Nat. Bank,* 79 *Ga.* 810 (7), 817 (2 S. E. 547) ; s.c., 78 *Ga.* 222 (7), 229 (2 S. E. 547).

3. Where a promissory note is both executed and to be performed in another State, in an attack by the maker upon the note for usury, in a suit brought in this State against him by the holder, where the laws of the foreign State regulating interest charges and usury do not appear, the common law will be presumed to be there in force; and the right to collect interest in such a suit, unless contrary to the public policy or specific statutes of this State, will be governed by the common law as it has been construed and applied in this State. *Bailey* v. *Devine,* 123 *Ga.* 653, 655 (51 S. E. 603, 107 Am. St. R. 153) ; *Ellington* v. *Harris,* 127 *Ga.* 85, 86 (56 S. E. 134, 119 Am. St. R. 320) ; *Pattillo* v. *Alexander,* 96 *Ga.* 60 (22 S. E. 646, 29 L. R. A. 616).

4. "Usury as at present understood is unknown to the common law, and depends wholly upon statutory enactment . . The weight of authority supports the proposition that the common law of force in America does not prohibit contracts for the payment of interest where the sum agreed upon is not unconscionable." *Thomas* v. *Clarkson,* 125 *Ga.* 72 (4), 79, 80 (54 S. E. 77, 6 L. R. A. (N. S.) 658).

5. It is contended that the provisions of what is known as the "small-loan act of Georgia," approved August 17, 1920 (Michie's Code, § 1770 (61-79)), that "no loan for which a greater rate of

interest or charge than is allowed by this act has been contracted for or received, wherever made, shall be enforced in this State," renders the contract entirely unenforceable both as to principal and interest, even though executed and to be performed outside of the limits of this State. Section 3436 of the Civil Code (1910) provides that it shall be unlawful to charge directly or indirectly a rate of interest in excess of 8 per cent. per annum. By the act of 1916 (Michie's Code, § 3438(1)), any one violating these provisions forfeits the entire interest so charged. By the provisions of section 2 of this act (Michie's Code, § 3438(2)), no further penalty or forfeiture shall be occasioned, suffered, or allowed than that just stated. It is provided, however, by section 13 of the subsequently enacted "small-loan act" (Michie's Code, § 1770(73)) that any one, on complying with the requirements of this act, may lend not over $300 and charge interest thereon at a rate not to exceed 3½ per cent. a month. By the terms of the same section it is further provided that, "if interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be null and void, and the [lender] shall have no right to collect or receive any principal, interest, or charges whatsoever." By section 17 of that act (Michie's Code, § 1770(77)) "no loan for which a greater rate of interest or charge than is allowed by this act has been contracted for or received, wherever made shall be enforced in this State, and any person in any wise participating therein in this State shall be subject to the provisions of this act." Accordingly, the provisions of the act as last quoted do not undertake to forfeit both principal and interest of loans "wherever made" except in cases where the terms of the act are violated by charges in excess of those authorized by the act.

6. Accordingly, the note sued upon in the instant case for $255 principal, providing for interest at the rate of 3-1/2 per cent. a month, being both executed and to be performed in a foreign jurisdiction, without any person in any wise participating in this State in the making of such loan, and therefore being wholly a foreign contract, is not entitled to the privileges or subject to the penalties of the "small-loan act" referred to. Not coming within the privileges or being subject to the penalties of the "small-loan act," it must be held that the interest sought to be recovered, being more

than five times the rate authorized under the general Georgia statute, is, as a matter of law, unreasonable and unconscionable, and therefore incapable of enforcement by the courts of this State. See, in this connection, *Thomas* v. *Clarkson*, supra. The case being determined, therefore, under the principles of the common law in the light of our own public policy and the interpretation given to the common law by the courts of this State, and, under such interpretation, there being no principle of common law "punishing [usury] by forfeitures" (*Thomas* v. *Clarkson*, supra), the lender would not suffer a forfeiture of the principal on account of having sought to recover interest unreasonable and unconscionable in amount. Consequently the court did not err in overruling the general demurrer to the petition, since it attacked the petition in its entirety as failing to set forth any cause of action, and, under the foregoing rulings, the principal, but not the interest, was recoverable.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*