## 36078. STONE v. COLONIAL CREDIT COMPANY.

CARLISLE, J. 1. "Prior to the enactment in this State of the uniform negotiable-instruments law, it was the rule that, where a promissory note was payable to a named person or order, the holder other than the payee could not sue thereon in his own name where the note had not been indorsed or assigned in writing to him, and that suit could be brought only in the name of the original payee for the use of the transferee. *Allen* v. *Commercial Credit Co.*, 155 *Ga.* 545 (117 S. E. 650). The indorsement or assignment in writing of the note was necessary to put the legal title in the holder. *Benson* v. *Abbott*, 95 *Ga.* 69 (22 S. E. 127); *Burch* v. *Daniel*, 101 *Ga.* 228 (28 S. E. 622), s.c., 109 *Ga.* 256 (34 S. E. 310); *Farris* v. *Wells*, 68 *Ga.* 604; *Herring* v. *First Nat. Bank*, 13 *Ga. App.* 492 (79 S. E. 359). Thus, where a petition failed to allege or show such indorsement or assignment in writing, it was subject to dismissal on general demurrer. *Allen* v. *Commercial Credit Co.*, supra, and cit. But this rule was changed by the adoption of section 49 of the negotiable-instruments law in the act of 1924 (pp. 126, 136), embodied in  .  .  . [Code, § 14-420], which provides as follows: 'Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor.' Such a transfer without indorsement, vesting the transferee with legal title, although not effective to render the transferee a holder in due course  .  .  .  [Code, §§ 14-401; 14-507—14-509]; *Christie* v. *Bassford*, 47 *Ga. App.* 94 (169 S. E. 687), now permits the transferee to bring suit in his own name." *Folsom* v. *Continental Adjustment Corp.*, 48 *Ga. App.* 435 (172 S. E. 833).

2. Where, under an application of the foregoing principles of law to the facts of a case, it appears from the allegations of the petition that the defendant executed a promissory note payable to a named company in which he promised to pay unconditionally a sum certain in money at fixed determinable dates and it is alleged that the plaintiff, which holds the note without written indorsement financed the note and contract and is the transferee of the note and its holder in due course, and that there is a present unpaid balance due on the note which upon demand for payment had been refused, the petition is not subject to general demurrer upon the ground that the plaintiff holder of the note may not bring suit on the note in its own name.

349

3. By the terms of Code (Ann. Supp.) § 20-506, attorney's fees, for which provision is made in a promissory note, are not collectible unless it be alleged and proved that after maturity the holder of the note notified the person sought to be bound thereon that he had ten days from the receipt of such notice to pay the principal and interest without attorney's fees; and, where, in an action on a promissory note containing a provision for the recovery of attorney's fees, it is not alleged that the prerequisite notice has been given the person sought to be bound, it is erroneous for the trial court, on demurrer, not to strike from the prayer that part pertaining to attorney's fees.

4. While all suits for legal or equitable relief are by petition addressed to the proper court (Code § 81-101), the failure of the plaintiff to address its petition to any court is amendable (*Ocilla Southern R. Co.* v. *McAllister,* 20 *Ga. App.* 400 (1), 93 S. E. 26), where it appears that the petition was filed in a court having jurisdiction of the subject matter and of the defendant, and the failure to address the petition to the court in which it was filed may not be taken advantage of by general demurrer.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 20, 1956.

*C. G. Battle,* for plaintiff in error.
*Arnold Kaye, T. C. Little,* contra.

