38604.   KUNZ v. CUSTER.

DECIDED APRIL 28, 1961.

*F. R. Ingram, E. J. Clower,* for plaintiff in error.

*Rogers, Magruder, Hoyt, Wright & Walther, Barry Wright, Jr.,* contra.

FRANKUM, Judge. The plaintiff insists that the defendant's motion and objections to the amendment are without merit in that a mistake in a contract consisting of an unintentional act or an omission which is manifestly shown to be a mere clerical error, and which does not change the contract or the relation of the parties, may be corrected at law without the necessity to resort to equity to reform the contract, citing in support of this contention *Thompson v. Hall & Long,* 67 Ga. 627; *Tillman v. Webb & Co.,* 17 Ga. App. 620 (87 S. E. 904); *Gaulding v. Baker,* 9 Ga. App. 578 (71 S. E. 1018). This is unquestionably a correct principle of law. However, we do not feel that it is applicable to the facts in the instant case, in that, in each of the above cases a mistake was clearly obvious upon the face of the instrument, or was shown to be a typographical error, or was a mistake in the spelling of a name. In the case *sub judice* the contract appears regular upon its face between the defendant and a corporation. The contract shows the corporation to be one of the parties thereto. Upon review of the contents of the

contract, it is to be noted that the plaintiff, L. Luzern Custer, signed the contract as salesman for the corporation, and then approved the contract in his capacity as president of the corporation. There is no written assignment of the contract by the corporation to the plaintiff, and none is claimed by him. The contract is clearly shown to have been executed between the defendant and a corporation. The allowance of the amendment to the affidavit to foreclose the contract opened an avenue for the admission of parol evidence to vary and contradict the terms of a written contract, which is prohibited by law. *Code* § 20-704. See *Carr v. L. & N. R. Co.*, 141 Ga. 219 (80 S. E. 716); *Boren v. Manhattan Life Ins. Co.*, 99 Ga. 238 (25 S. E. 314).

"Where a promissory note and mortgage upon personal property are combined together in one instrument, the promise being to pay the money to a named payee or bearer, and the mortgage portion of the instrument being in these words: 'To further secure the payment of this note I hereby mortgage the following described property,' etc., one who is not the payee named in the paper cannot foreclose the mortgage in his own name as holder and owner thereof without having a written assignment of the same. *Code*, § 1996; *Planters Bank v. Prater*, 64 Ga. 609." *Nicholson & Co. v. Whaley*, 90 Ga. 257 (1) (16 S. E. 84). See 76 C. J. S. 329, Reformation of Instruments, §§ 4-7; 45 Am. Jur. 602, Reformation of Instruments, § 35.

"As a general rule, an action on a contract must be brought in the name of the party in whom the legal interest in the contract is vested. [citations] Accordingly, an action can not be maintained upon a promissory note payable to the order of a named person, which has not been indorsed or otherwise transferred, except in the name of the person to whom it is payable." *Kohn v. Colonial Hill Co.*, 38 Ga. App. 286 (1) (144 S. E. 33).

"An action dependent on the ownership by the plaintiff of a legal title to choses in action can not be sustained by parol evidence tending to show that the plaintiff is the equitable owner of such choses." *Florida Coca-Cola Bottling Co. v. Ricker*, 136 Ga. 411 (3) (71 S. E. 734). See also *Allen v. Commercial Credit Co.*, 155 Ga. 545 (117 S. E. 650); *Duke v. Culpepper*, 72 Ga. 842.

The grounds of the defendant's motion to dismiss the execution and the foreclosure proceeding, and the grounds of his objections to the allowance of the plaintiff's amendment, as above discussed, are valid, and the trial court erred in overruling them. All further proceedings in the case were rendered nugatory.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*